CASE 66—PETITION EQUITY—OCTOBER 26.

# Rutledge v. Vanmeter.

APPEAL FROM CLARK CIRCUIT COURT.

1. PROCESS MUST BE ISSUED ON AMENDED PLEADINGS PRESENTING NEW AND DISTINCT CAUSES OF ACTION.

   Generally no process is necessary upon an amended petition, if no new claim is set up by it, and the facts alleged by way of amendment are only such as serve to explain or perfect the cause of action already presented.

   Although it is generally true that a defendant served with process on the original pleading is bound to know all subsequent proceedings taken in the suit, and need not be served with process upon new pleadings filed by the plaintiff, yet as in many cases the application of this rule would occasion great injustice and oppression, it should not be extended to the presentation by an amendment of a new and distinct cause of action of which the defendant could not have been apprised by an inspection of the original pleading. (McGrath, &c. v. Balser, 6 B. Mon. 141.)

2. As in this case the amended petition set up a new and distinct cause of action, not connected with that embraced by the original petition, the circuit court erred in treating the amended petition as confessed by the failure to answer, the defendants having been summoned only to answer the original petition.

B. F. BUCKNER,  . . . . ⎫
BRECKINRIDGE & BUCKNER, ⎬  . . . . For Appellant,
                         ⎭

CITED

Ms. Op., September 21, 1871, Cheekes v. McCoy.
4 Metcalfe, 30, Bondurant v. Apperson.
6 B. Monroe, 141, McGrath v. Balser.
1 Metcalfe, 397, Short v. Tinsley.

CHARLES EGINTON,  . . . . . . . . . . For Appellee,

CITED

Act of March 10, 1856.                2 Met. 458–60, Proctor v. Conway.
15 B. Mon. 630, Harris v. Ray.        4 Met. 93, Meadows v. Turpin.
1 Morehead & Brown's Statutes, section 27, page 300.
Civil Code, sections 159, 373, 579, 581, 582.

Rutledge v. Vanmeter.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

On the 7th day of September, 1863, Stephen Bradley and his wife conveyed to James Rutledge three parcels of land, containing together about ninety acres, for the expressed consideration of twenty-five hundred dollars, the payment of which was acknowledged in the deed. Afterward, on the 3d day of March, 1864, B. F. Vanmeter brought this suit against Bradley, Rutledge, and others, exhibiting a judgment in his favor against Bradley, and the return of an execution issued thereon indorsed "no property found," the judgment having been rendered on a note executed by Bradley and J. H. Tuttle and I. N. Tuttle for $89.67; the petition alleging that said sale and conveyance to Rutledge was made in contemplation of insolvency, and with the design to prefer one or more of the creditors of said Bradley to the exclusion, in whole or in part, of others, and that, according to the act approved March 10, 1856 (1 Revised Statutes, 553), said conveyance operated as an assignment and transfer of all of Bradley's property for the benefit of his creditors, which the plaintiff prayed the court to adjudge, and direct a sale of the land according to the provisions of said act of 1856.

A summons issued on this petition was executed on Bradley March 28, 1864, and on Rutledge April 14, 1864.

In May, 1864, the plaintiff filed an amended petition, setting forth another debt on Bradley and J. H. Tuttle for $225.50, and a judgment and execution returned "no property found" thereon. And in May, 1866, the plaintiff filed another amended petition, admitting that I. N. Tuttle had paid and satisfied said judgment for $89.67, for which the suit was originally brought. And afterward a judgment was rendered reciting the failure of the defendants to answer said original and amended petitions, and determining that said sale and conveyance operated as an assignment and inured to the benefit of said Bradley's creditors. The court appointed a receiver to take possession of the

property, and referred the cause to a commissioner to make a report as to the debts of Bradley.

At a subsequent term the court permitted Rutledge to file an answer containing such denials and averments as would have constituted a sufficient defense to the action, and he moved the court to set aside said judgment; but the motion was over-ruled. It does not appear that any summons was issued on either of said amended petitions, nor was there any appearance in the action by any of the defendants before the judgment was rendered.

This appeal seeks a reversal of said judgment. The first question to be determined is, did the court err in taking the statements of the first amended petition as confessed by the failure of the defendants to answer? By section 159 of the Civil Code amendments are allowed to be filed at any time before the filing of an answer, and without the leave of court; and the principle has been recognized by this court, since the adoption of the Code of Practice, that generally no process is necessary upon an amendment so filed, if no new claim is set up by it, and the facts alleged by way of amend-ment are only such as serve to explain or perfect the cause of action already presented. But we are aware of no provision of the Code which abrogates the rule, which was well estab-lished in our former system of practice, that although it is generally true that a defendant served with process on the original pleading is bound to know all subsequent pleadings taken in the suit, and need not be served with process upon new pleadings filed by the plaintiff, yet as in many cases the application of this rule would occasion great injustice and oppression, it should not be extended to the presentation by an amendment of a new and distinct cause of action, of which the defendant could not have been apprised by an in-spection of the original pleading. (McGrath, &c. v. Balser, 6 B. Monroe, 141.)

As in this case the amended petition set up a new and distinct cause of action, not connected with that embraced by the original petition, it seems to us the court erred in treating it as confessed by the failure to answer, the defendants having been summoned only to answer the original petition.

We deem it unnecessary now to decide the other questions raised by the argument of this case; but for the error we have indicated the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.