Ashbrook v. Roberts, &c.

CASE 49—VENDOR'S LIEN—OCTOBER 25, 1884.

# Ashbrook v. Roberts, &c.

### APPEAL FROM HARRISON CHANCERY COURT.

Day sold to appellee by executory contract a tract of land. A part of the consideration was unpaid, for which appellee executed his note to the vendor. Appellee induced Day to make a conveyance of the land to the son of the former, in which no lien was reserved for the unpaid purchase money. Day assigned the note for the unpaid purchase money to appellant.

1. *Held*—The appellant, as assignee of the note, held no statutory lien upon the land inasmuch as none was reserved in the deed of conveyance.

2. The son, as an innocent purchaser, must hold the land. Appellant's claim is purely equitable and can not avail against that of the vendee in the deed.

3. The ordinary legal meaning of the word "signature," as applied to a pleading, is that the proper name has been written and signed at the end of it.

4. But the court having permitted a pleading not signed to be filed, should not afterward render judgment disregarding the plea. It should have notified the party before its action that the pleading was insufficient, and given him an opportunity to correct it.

C. W. WEST FOR APPELLANT.

1. It can not be questioned that the note assigned by Day to appellant was. and is a lien upon the land conveyed by Day to appellee, Roberts.

2. Appellant, Ashbrook, was, as is clearly shown, no party in any way to revising the lien.

3. To adjudge otherwise would be to say that the rights of appellant are not in his own keeping, but in the hands of his assignor and Roberts; that an admitted right, well secured, is to be destroyed without the knowledge or consent of appellant.

L. M. MARTIN AND T. T. FOREMAN FOR APPELLEE.

1. No lien is retained in the conveyance from Day to appellee, Henry Roberts, for the note claimed by appellant as assigned of Day, and therefore appellee, as an innocent purchaser, stands in the best position.

2. Although appellee's pleading was not signed, yet the court permitted it.

to be filed, and, having done so, should, before it was disregarded, have notified appellee and given him an opportunity to amend.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

On April 12, 1869, A. Day sold to the appellee,. Henry Roberts, by executory contract, sixty acres of land for $3,300, all of which was then paid save $1,650;. and for this last-named sum the latter then executed to. said Day a note payable on April 1, 1870, which the. latter assigned to the appellant, Ashbrook, on April 17,. 1869.

Henry Roberts, as guardian, was indebted to his son, W. S. Roberts ; and in order to pay him he, on Sep-. tember 20, 1870, sold him the land, the price exceeding the said indebtedness by $498.83 ; and for this sum the son then executed his note to his father, payable one day thereafter, and which subsequently came to the hands of one Conrad ; and at the same time Henry Roberts. procured Day to convey the land directly to W. S. Roberts, the deed reserving no lien save in favor of Henry Roberts for the $498.83, and acknowledging the payment of the $3,300.

On October 23, 1877, the appellant, Ashbrook, brought. this action, asserting a lien upon the land for a balance owing him upon the $1,650 note, and seeking to enforce it as well as to obtain a personal judgment against Henry Roberts.

The petition also alleges that the lien reserved in the deed for the $498.83 inured to the appellant's benefit ;. and asks that he be substituted to Henry Roberts' rights as to it ; but by the judgment now in question, this point was reserved ; and hence it is not in issue upon this appeal.

The lower court decided that the appellant, Ashbrook, had no lien upon the land by reason of its not being reserved in the Day deed; and he has appealed, while the appellee, Henry Roberts, by a cross-appeal, seeks to reverse the personal judgment that was rendered against him.

The demurrer to his answer was properly sustained, as it presented no defense to the action; and leave being given to amend, he presented and offered to file an amended answer, in which he alleges that he had filed his petition in bankruptcy; that his protection paper had issued; that his discharge would soon be granted, and that no judgment should be rendered against him.

The appellant objected to its being filed; but the court overruled the objection, and it was filed; and at the same term of the court, and within five days thereafter, the cause was submitted, and a personal judgment rendered against the appellee, Henry Roberts, because (as therein stated) "there is a paper in the bundle which seems to have been intended for a plea of bankruptcy, but it is not signed."

The old Code of Practice required every pleading to be "*subscribed*" by the party or his attorney, while the new Code has substituted the word "*signed*." (Civil Code, section 115.)

In this instance the pleading had no signature whatever to it at the close; but upon the outside and below the indorsement upon the back of it appeared the name of the person who was the attorney of Henry Roberts, as shown otherwise in the record.

It is contended that this was a sufficient signing

under the statute; and that if the name of the party pleading or his attorney appears even in the body of the writing, as in the case of a will at common law, it can not be rejected upon the ground that it is not signed.

The ordinary legal meaning, however, of the word "signature" is that the person's name has been written at the end of the instrument, and as used in the Code of Practice the words "sign" and "subscribe" have the same import. (Civil Code, section 732.)

The provision of the Code upon the subject being imperative, the amended answer was defective; but the court had in effect overruled a demurrer to it by permitting it to be filed, although objected to by the appellant.

It had thereby, in substance, said to the party that his pleading was sufficient, and yet without the least intimation to him, so far as is shown by the record, that the court had changed its opinion, it at the same term, in a final judgment, rejected it, and thereby deprived the party of any opportunity to amend.

Such a practice can not be sanctioned, as it would defeat instead of promote justice, the attainment of which is the object of the Code and all law.

The court, by its own error, misleads the party and creates the belief in his mind that his pleading is sufficient, and then without affording him an opportunity to amend, the cause is submitted upon the motion of the adverse party and a final judgment rendered against him, because the pleading which the court has just said was sufficient, is in fact defective.

If the order filing the amended answer had been

proper, then the action did not stand for trial at that term ; and as it was improperly made, the court should have set it aside, or in some way notified the appellee that the pleading was insufficient, and given him an opportunity to amend it. (Eidson v. Taturn, &c., MS. opinion, November 23, 1880.)

There is no charge of fraud upon the part of appellee, W. S. Roberts, in the making of the deed to him by Day ; but it is claimed that he had knowledge and notice, when it was made, of the existence of the Ashbrook $1,650 note, and that it was unpaid.

This he denies, and there is no testimony whatever to sustain the charge.

It is urged that, as the note was a lien upon the land when it was assigned to Ashbrook, he can not be deprived of it without his agency, and that it still exists, as he had nothing to do with the making of the deed by Day to W. S. Roberts; *sed non sequitur.*

There is nothing to show that Henry Roberts did not in fact owe his son, W. S. Roberts, or that there was any fraud upon the latter's part, or that he had any notice of the appellant's claim, when the deed was made to him.

He holds the legal title to the land as an innocent purchaser for value. . He and the appellant have alike acted in good faith, and both are entitled to the consideration of the court. In such a case, as one of them must suffer, the Chancellor will leave the loss where he finds it, and not relieve the one by removing the loss from him, and placing it upon an equally innocent party.

While disliking to allow injustice, yet action by the

·court in such a case would inflict it. Moreover, all things being equal, the innocent purchaser is more favored in law than the *bona fide* creditor, and in this instance the former is the defendant, and therefore occupies the best position, as the latter is compelled to ask the aid of a court of equity for relief. (14 Bush, 449, Summers v. Kilgus, &c.)

His claim to a lien is purely equitable, as it was not retained in the deed. If it exists at all, it must be as a creature of equity, while the purchaser has an equal, if not a superior claim, to the equitable consideration of the court; and in such a case, in the absence of notice, such a lien can not be enforced.

The judgment is affirmed upon the original appeal, and reversed upon the cross-appeal of Henry Roberts, and cause remanded for further proceedings in conformity to this opinion.