Myers, Administrator v. Douglass.

CASE 46—PETITION ORDINARY—MAY 15.

# Myers, Administrator v. Douglass.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. VERIFICATION—WAIVER.—While section 473 of the Kentucky
Statutes, provides that "the execution of a writing on which a
suit or defense is founded, or its assignment, shall only be denied
by answer or other pleading verified by oath," yet the Civil Code,
section 138, provides when the objection for want of verification
must be made, and if it is not made at that time, it is waived.

HILL & McROBERTS FOR APPELLANT.

1. The paper styled an answer was not an answer, because under the
express terms of section 473, Kentucky Statutes, it must be sworn
to before it becomes such; and appellant's right to move the court
for a judgment, notwithstanding the verdict, could not have been
waived. That motion should surely have been sustained.    (Ky.
Stats., sec. 473; Civil Code, sec. 386.)
2. The plea of *non est factum* is required always to be sworn to, be-
cause the courts would, in favor of innocence, presume a paper
purporting to be signed by a party to be charged on it, was genu-
ine until it was attacked by plea under oath.    (Trustees Orphan
School v. Fleming, 10 Bush, 237.)

W. G. WELCH AND R. C. WARREN FOR APPELLEE.

1. The jury had been sworn, all the testimony had been adduced, **and**
the defendant sworn and had testified under oath that he did not
execute the note, and it was then too late to make the objection,
and it had thereby been waived.    (Civil Code, sec 138, 70 Ill., 41.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This action was on a promissory note.    The plea was *non
est factum*.    After a trial and verdict for the defendant

Myers, Administrator v. Douglass.

the plaintiff moved the court for a judgment for him, not-withstanding the verdict, because the answer was not verified.

Unitl after the verdict no question seems to have been made that there was no verification of the answer. There is no question made nor could there be that the answer did not contain facts sufficient to constitute a good plea of *non est factum*.

Section 473, Kentucky Statutes, provides that "the execution of a writing on which a suit or defense is founded or its assignment shall only be denied by answer or other pleading verified by oath."

It is obvious that the answer should have been verified by oath. The court, on having its attention called to the want of verification of the answer, would have refused to allow it to be filed; or, having permitted it to be filed with-out verification, then certainly on defendant's refusal to verify it would have authorized the court to have stricken it from the record. There was no objection to the fiilng of the answer, nor was there any motion to require the defend-ant to verify it.,

Section 138, Civil Code of Practice, provides that "no objection shall be taken after the commencement of the trial to any pleading for the want of or a defect in the verification."

While the statute requires the verification of the answer, yet the Code provides when the objection shall be made. If not then made it is waived.

The judgment is affirmed.