## Horton et al. v. Horton et al.
(Decided March 20, 1936).

414

J. C. BURNETTE and H. H. SMITH for appellants.

JOHN W. CAUDILL and BOND & BOND for appellees.

Opinion of the Court by Judge Perry—Affirming.

In this action brought in the Knott circuit court for partition of certain lands of the intestate, C. C. Horton, appellants' motion to vacate certain judgments therein rendered, so ordering, having been overruled, this appeal is prosecuted.

It is disclosed by the record that C. C. Horton died in August, 1924, intestate, domiciled in Floyd county, Ky., leaving surviving as his heirs at law the defendant, Samuel L. Horton, and his children and grandchildren, the named plaintiffs in the petition, and his widow, Esther L. Horton, the defendant, all of whom were at the time of intestate's death living and continued thereafter to live in Floyd county, Ky.

Some nine years after C. C. Horton's death, the plaintiffs, Mary Horton, Minnie Holbrook, Troy Horton, Grady Sexton, Bill Sexton, Mary Conley, and Garland Sexton, Martha Sexton, and Charles Sexton, by their next friend, Malta Sexton, and James Horton and Audrey Horton, by their next friend, Berta Horton, filed their petition in the Knott circuit court against the appellants, Samuel L. Horton and Esther L. Horton, therein setting out that C. C. Horton died intestate in August, 1924, the fee-simple owner and

in possession of a certain 125-acre tract of land, described in the petition, situated near the head of Ball's fork of Troublesome creek in Knott county, Ky., and which lands had, upon his death, descended to the plaintiffs and the defendant, Samuel L. Horton, as joint owners thereof, subject to the dower rights therein of the defendant, Esther L. Horton, and prayed that a commission be appointed to divide and allot the same among them, according as their interests therein might be made to appear.

A separate answer and counterclaim of the defendant Samuel L. Horton was filed to the petition, denying that the intestate, C. C. Horton, was at the time of his death the owner and in possession of the entirety of this 125-acre tract, for the reason, it affirmatively pleaded, that in February, 1928, his father, the said C. C. Horton, and his wife, the defendant, Esther L. Horton, had, for a good and valuable consideration then paid, conveyed a certain named and described 50-acre part and parcel of said land to him, which he had thereupon duly put to record in the office of the clerk of the Knott county court, Deed Book 41, page 463.

As to the remaining 75 acres of this boundary, he joined in the prayer of the petition that same be divided between himself and plaintiffs as the intestate's heirs at law, subject to the rights of the widow and co-defendant, Esther L. Horton, therein.

A pleading, entitled a reply and amended petition, was filed on July 30, 1934, to this separate answer and counterclaim, denying the conveyance of the 50-acre tract, as alleged, to the said defendant or his payment of any consideration therefor.

Further, plaintiffs, by way of amending their original petition, affirmatively pleaded that while it was true that the said defendant Horton claimed to be the owner of the 50-acre tract in controversy, by virtue of the alleged deed of conveyance of it from his father, C. C. Horton, and wife, of date February 28, 1921, they averred that said deed was void and of no effect, for the reason that at the time of its alleged execution, the said intestate, C. C. Horton, was a man far advanced in years and then mentally incompetent and incapable of conveying his property. Further, they

averred that if the deed was in fact made by him, that same was the result of the coercion and undue influence exerted by the defendants, Samuel L. Horton and Esther L. Horton; also that the defendants had entered into an unlawful conspiracy to influence and coerce the aged intestate to execute the said deed to the defendant, with the result that if he executed same, he did so while acting against his own free will. Further, they averred that while the deed recited a consideration in the sum of $800 paid by the defendant to the intestate for the land, no part of said amount they averred was in fact ever paid to him, but such recital was fraudulently made in the deed only for the purpose of giving it an appearance of verity. Wherefore they prayed that the deed from the intestate and wife to the defendant Samuel L. Horton be adjudged void and of no effect, and that the plaintiffs and defendant, as his heirs at law, and his widow be adjudged the owners of the whole tract, and that same be divided and allotted among them.

It appears that on August 1 following the filing of this pleading on July 30, without further pleading or any proof having been taken, the court treated the cause as then standing for trial and submitted and entered a judgment on the issue made, directing that the entire 125-acre tract of this Knott county land be partitioned among plaintiffs and defendants, according to the prayer of the petition, as the owners thereof.

Notwithstanding the entering of this judgment, the parties apparently regarding the same as premature and irregular, the plaintiffs proceeded to give notice and take proof upon these issues raised.

The plaintiffs having completed their proof, tending to show that the intestate was insane during the several years next before his death, and incompetent to make a deed, during which time it is alleged he conveyed the tract in controversy to the defendant Horton, and also tending to discredit defendant's claim of having paid the intestate the recited consideration or any amount for the land claimed conveyed him, and, further, that throughout the period of years intervening between intestate's death in 1924 and the bringing of the partition suit in 1933, the entire control and management of this Knott county land had been left in

the hands of the deceased's widow, Esther L. Horton, without any of the parties or heirs at law taking actual possession of any part of it or making adverse claim to ownership of any part thereof, except as joint owners thereof, as the heirs at law of the intestate, they, thereupon, on November 20, 1934, without objection by the defendants, moved for a submission of the cause for judgment upon the pleadings and this proof.

Appellants, after submission of the case, asked leave to file an amended answer, traversing the allegations of the amended petition and pleading the statute of limitations in defense of plaintiff's action, which the court permitted to be filed over the objections of the plaintiffs upon condition that the same was to be controverted of record and "that same was not to hinder the trial of the case."

Whereupon, the same being filed, plaintiffs filed a reply thereto, setting out that at the time of intestate's alleged execution of a deed of conveyance to appellant of the 50-acre parcel of land involved, neither the appellant nor any of the intestate's heirs at law lived in Knott county, where the land in controversy was situated, but that they then and thereafter had continued to live in Floyd county, Ky., and that the said defendant, Samuel Horton, had not at said or any time, or until the filing of this suit, ever made any claim to or attempted to take possession of the said 50-acre tract or exercised any rights of ownership thereto whatever; that they all lived distant from the courthouse at Hyden, Knott county, Ky.; had never had business or been around there, nor had learned of the appellant's newly made claim of separate ownership to any part of the land; that the intestate had not resided thereon; that from the time of his death until the institution of this suit, his widow had continued to rent and exercise control of the whole tract, during which period these plaintiffs, together with the defendants, claimed to be the joint owners, to which the defendant Horton had acquiesced and consented, and by reason of which they pleaded he was now estopped from setting up claim of ownership to any part of the tract other than as an heir at law of the said deceased, C. C. Horton.

418

'On the same day the amended answer and reply thereto were filed, the court rendered its judgment upon the submitted cause, directing that the alleged deed of conveyance by C. C. Horton and wife to the defendant, Samuel L. Horton, of the 50-acre parcel of the larger 125-acre tract be canceled and set aside, upon the grounds that the said C. C. Horton was not mentally capable of conveying the land and that there was no consideration paid for his execution of the deed thereto, and further adjudged that the plaintiffs and defendant Samuel L. Horton were, subject to the dower rights of the widow, Esther L. Horton, the owners of the entire tract as described, which was susceptible of division, and which was adjudged divided, after allotment of the widow's one-third dower interest therein, among them according to their adjudged interests, as therein directed.

Thereupon, the defendants, Samuel L. and Esther L. Horton, moved the court to vacate and set aside this judgment rendered December 3, 1934, and further moved to vacate and set aside the judgment entered on August 1, 1934, asserting that, as to the later judgment, ordering a division and partition of the land described, the defendant Esther L. Horton was not before the court when judgment was rendered, had never been served with process, nor had answered or otherwise pleaded; that the judgment was irregular and void and not supported by either pleadings or proof, while the defendant Samuel L. Horton had filed answer and counterclaim before judgment, setting up title in himself to a portion of the land sought to be divided. As further grounds, they stated that plaintiffs had on July 30, 1934, filed an amended petition and reply, upon which no process had been issued, but notwithstanding this, judgment had been entered on the following August 1, which was premature and void. Further by their motion they urged the vacation of the judgment of December 3, 1934, canceling the deed from C. C. Horton and wife to the defendant, Samuel L. Horton, upon the amended petition and reply filed in court by plaintiffs on July 30, 1934, upon which no process, if any was ever issued thereon, was served upon either of the defendants, nor were either of them before the court, nor answered, nor pleaded thereto; also the defendant, Samuel L. Horton, stated that he had em-

ployed one Adam Campbell as his attorney to represent him, who, after filing answer to the petition, had informed the defendant that he would not further represent him in the case, then also informing him that plaintiffs would have to take proof as to title and notify him before anything further could be done by them; that Adam Campbell was not his nor the codefendant Esther L. Horton's attorney at the time he filed the amended answer to the amended petition on December 3, 1934, and was not before the court until the said answer was filed, without authority, for which reasons they urge that the judgment was void and that said action did not stand for trial, nor did the defendants have knowledge of any further proceedings taken after the filing of his separate answer, for all of which reasons he asked that the judgments of August 1 and of December 3 be vacated and set aside.

This motion to vacate these judgments having been overruled, the defendants have appealed, urging that the ruling was erroneous, and here renew their grounds as above stated for their vacation.

Turning to a consideration of these questions thus presented, it may be conceded that the first judgment, complained of as having been prematurely entered on August 1, 1934, when there had been issue joined by the pleadings upon the question of appellant Samuel L. Horton's having acquired title by the deed from C. C. Horton, as pleaded, to a portion of the land sought to be divided as being jointly owned by all of Horton's heirs and before any proof had been taken upon this issue, was clearly premature and irregular in being given at such time. Conceding this, and treating the same as being vacated, the same cannot be regarded, if vacated, as affecting or changing the results finally determined and awarded by the court's latter judgment of December 3, 1934, whereby it was finally adjudged all the heirs at law were the joint owners of the whole tract involved and directing its division and allotment among them.

Appellants claim that they were not before the court by reason of no summons having been served upon them at the time of the first judgment, but such allegation made in the pleading is at variance with the showing of the record, wherein the service of summons is thus shown:

"Executed on Samuel L. Horton & Esther L. Horton by delivering to each of them a true copy of the within summons,

"This Mar. 9, 1933.

"B. L. Sturgill S. F. C.

"By G. C. Allen, D. S."

Looking to the next ground urged for the vacation of the later judgment of December 3, 1934: The first of these is that no process was ever issued upon the amended petition and reply filed on July 30, 1934, and that same was neither signed nor verified by appellants.

Conceding here, only arguendo, that the reply and amended petition here filed presented a new and distinct cause of action or constituted a departure therefrom, requiring the issuance and service of a summons thereon (section 39, Civil Code of Practice, Rutledge v. Vanmeter, 8 Bush, 354, City of Madisonville v. Nisbit, 239 Ky. 366, 39 S. W. [2d] 690), appellant's failure to object and later filing of an amended answer thereto was clearly a waiver of service. Elliott County v. Kitchen, 14 Bush, 289; Thompson v. Moore, 91 Ky. 80, 15 S. W. 6, 12 Ky. Law Rep. 664. Also, appellants' criticism that the reply and amended petition, filed July 30, 1934, being neither signed nor verified, was of no effect, the same as if they had not been filed, is not tenable for the reason that while by section 115, Civil Code of Practice, pleadings are required to be in writing and signed by the parties who file them or by their attorneys, it is held, where not so signed, the court is not authorized to disregard them after permitting them to be filed (Ashbrook v. Roberts, 82 Ky. 298, 6 Ky. Law Rep. 317), and especially is this so for the reason that if appellants had desired to take advantage of appellees' failure to correctly sign the pleading, they could have done so by rule, or else the objection will be held to have been waived. Voorheis v. Eiting, 22 S. W. 80, 15 Ky. Law Rep. 161.

In like manner is appellants' contention to be disposed of in respect to appellees' failure to verify this pleading.

While section 138, Civil Code of Practice, provides that no objection shall be taken, after commencement

of the trial, to any pleading for the want of, or a defect in, the verification, the proceedure is that such objection should also be by rule taken against the party failing to verify it. Wheeler v. Wales, 3 Bush, 225; Harris v. Ray, 15 B. Mon. 628. However, the right to require plaintiff to verify is waived both by filing answer or by failing to object for want of verification, unless made before commencement of trial. Butler v. Church of Immaculate Conception, 14 Bush, 540; Myers v. Douglass, 99 Ky. 267, 35 S. W. 917, 18 Ky. Law Rep. 169; Hite v. Reynolds, 163 Ky. 502, 173 S. W. 1108, Ann. Cas. 1917B, 619. Anyway, it will be noted that the pleading so strenuously objected to by appellants, upon the grounds stated, was in fact signed by their attorneys.

As to appellants' further contentions, that they knew nothing of the further proceedings or proof taken in the case, for the reason that their attorney first employed to represent them had informed them that he would no longer represent them, or had told them that plaintiffs could no nothing further without proof, and that the said attorney was thereafter unauthorized to file answer for them, they are all alike, under the showing as to these matters made by the record, not to be seriously considered. If appellants' attorney withdrew from the case, certainly such happening could not have the effect of preventing the court and the attorneys from proceeding further with the trial of the cause, but rather its only effect was to impose a duty upon appellants to make known such fact and to employ other attorneys to represent them, if they wished to be further represented in the trial of the case. Neither would the statements of such attorney, allegedly made appellants as to what steps the plaintiffs could or could not take in the case, be effective to so restrict plaintiffs or to permit appellants to say that steps taken by them were irregular, because they were not for such reason informed of them.

The record shows that proof was thereafter taken by the plaintiffs upon notice duly given them of the taking and also that they were represented by counsel at the taking, and further are appellants contradicted in their statements that their attorney wrongfully and without authority filed their amended answer on De-

cember 3, when the record shows that such pleading was signed, in their name by counsel, who made affidavit that he was then the attorney for the defendants.

The final ground insisted upon in the motion is that the court rendered judgment on December 3d, on the pleadings and proof immediately following the filing of this amended answer, making up the issues, and when the case did not, they contend, stand for trial.

While section 367a-5, Civil Code of Practice, provides that "suits in equity shall stand for trial at the first term of court after the issue shall be completed or, by the provisions of this act, shall have been completed, thirty days before the commencement of the term," defendants would have been but entitled, in view of such provision, to object to the submission of the case for judgment before such time, as the issues had been previously made up as therein provided. We find, however, that here the motion to submit and the order submitting the case for judgment were made without objection thereto by appellants, and therefore the irregularity of the submission, if any, was waived. Taylor v. Harris' Adm'r, 164 Ky. 654, 176 S. W. 168, 174; Wakenva Coal Co., Inc., v. Johnson, 234 Ky. 558, 28 S. W. (2d) 737; City of Owensboro v. Nolan, 242 Ky. 342, 46 S. W. (2d) 490.

In the Taylor Case, supra, it was insisted for the appellant Taylor that the judgment should be reversed because of the submission of the case at the same term of the court at which his answer to the amended petition of Harris' administrator and others was filed, it being claimed that such submission was premature and forbidden by section 366, Civil Code of Practice. There the court held that "This contention cannot avail the appellant, for two reasons: First, the record fails to show that he objected to the submission of the case."

Also in the case of Bond v. Dean, 233 Ky. 713, 4 S. W. (2d) 721, 723, there was presented the claim that the case was prematurely submitted for judgment. The court, in answering this contention, said:

"The provisions in the Code with reference to the time when actions stand for trial are made in order that parties may prepare themselves on the issues and, in equity cases, produce their proof. If no

issue is made, or the parties do not desire to produce proof, a case may be submitted for judgment at a term which would otherwise be premature. Taylor v. Harris' Adm'r, 164 Ky. 654, 176 S. W. 168. Here the guardian ad litem filed his report on October 12, in which he stated that he had made a careful examination of the case, and was unable to make a defense. In effect, this was a statement to the court that he could produce no proof contrary to the allegations of the plaintiff's petition. There was no need then to further postpone the trial of the action, and hence it was not error for the court to submit it for judgment and to decide it at that term.''

In the instant case, the appellants, after filing separate answer to the petition in March, 1933, took no further steps in the case nor any proof in support of the matters alleged in the answer, though advised by notice given them that plaintiffs had taken their proof upon the issues made, nor did anything whatever until nearly two years thereafter, when they offered to file an amended answer after the cause had been submitted without objection made thereto. The court was not called upon under such circumstances to permit this tardy filing of the pleading. However, it did permit its filing upon the condition that its filing should not be effective to delay the trial. Having upon such terms been allowed to file the answer, even though it was practically to the same effect as the original answer, appellants certainly cannot claim, regardless of the propriety of their then filing amended answer, that the judgment of December 3d, entered upon the same day that amended answer was filed, was irregular or premature because of their having just that day been permitted to file the amended answer.

However, regardless of the special circumstances here shown, under which appellants were permitted to belatedly file this amended answer, we are of the opinion that the judgment here entered was, under the principle of the cases cited supra, not irregular or premature, and therefore appellants' contention that the court erred in overruling their motion to vacate same is not to be sustained, but its judgment in so doing is approved and affirmed.