JUDGE COFER
delivered the opinion op the court.
The Bourbon County Agricultural Society is a corporation created by an act of the general assembly. By an amendment to the charter of the society, approved January 22,1874 (Acts 1873-4, p. 142), it is provided, “that it shall be unlawful for any person or persons, within three hundred yards of the grounds of said society, without the consent of the board of directors, to open lot, stable, shed, or other place during the continuance of said society’s fairs for the purpose of receiving, for pay, horses or vehicles of any kind, or for any person or persons to permit the use of said lot, stable, shed, or place for any such purposes.
“Any person violating the provisions of this act shall be fined $50 for each day so violating, to be recovered by a warrant from and to be tried before any justice of the peace; of Bourbon County, and such fine shall be for the benefit of said Society.”
The appellee, in violation of the act, opened and used, and permitted to be opened and used, a lot of ground of which he was the owner, within three hundred yards of the grounds of the society during the time of holding its fair in 1874, for *212 the purpose of receiving, for pay, horses and vehicles, and the Society instituted this proceeding for the recovery of the penalty denounced by the statute.
The circuit court held the act unconstitutional, and dismissed the proceeding, and whether that decision was correct is the only question in the case.
The complaint alleges that the appellee is the owner of the land used in violation of the act. It is not claimed that the use made of it is in and of itself injurious to the Society or that it damaged its property in any way whatever. The sole complaint is that the appellee used and allowed his property to be used to carry on a business in competition with the Society; that, in violation of the act, he has prevented the Society from enjoying á monopoly of the business of receiving and taking care of the vehicles and feeding and caring for the animals of those visiting its fairs, and thereby lessened its receipts. Counsel intimate that the enforcement of the act is necessary to sustain the Society, and that, as it is an institution of interest and benefit to the general public, this attempt to give it a monopoly may be sustained upon the principle upon which the grant of ferry privileges, the interdiction of lateral roads near to incorporated turnpikes, etc., and the sale of articles of marketing in cities and towns at places other than those designated by law are upheld.
It is the duty of government to establish and maintain highways. Ferries are parts of highways, and the government may perform its duty in establishing and maintaining them through the agency of private individuals or corporations, aud such agencies are representatives of government, and perform for it a part of its functions. And in consideration of the service thus performed for the public, the government may prohibit altogether persons from keeping ferries and competing with those it has licensed. The establishment of public highways being a function of government, no person *213 has a right to establish such a highway without the consent of government; and hence in prohibiting unlicensed persons from keeping a ferry the government does not invade the right of even those who own the soil on both sides of of the stream. The owner of the soil may, unless his land be regularly condemned for the purpose, prohibit any other person from using it as a landing for a ferry. This he may do, because he is the owner of the soil. So the government, being charged with the duty of establishing and maintaining ferries, has the exclusive right to establish them, and may prohibit any one it chooses from doing so, because the establishment of a ferry without the consent of government is an invasion of its right, just as the use of the soil for a ferry-landing, without the consent of the owner, would be an invasion of his right of property.
The statute relating to lateral roads (sec. 13, chap. 110, G. S.) does not apply to individuals, but to the county courts, and does not prohibit an individual from opening a road over his own land.
Laws and ordinances prohibiting the sale of certain articles of marketing in cities and towns, except at designated places, are mere police regulations, enacted in the interest of the public. If they were enacted merely for the purpose of compelling dealers in such articles to rent stalls in market-houses in order to swell the rent-roll of the owners, they would be analogous to the act under discussion.
The Bourbon County Agricultural Society is a strictly private corporation. It owes no legal duty to the public. It may hold fairs or not as its managers may decide, and is as free from the interference or control of government as a private individual, and can not, therefore, enjoy any privileges which may not be enjoyed by an individual. The effect of the act then is to restrict the right of one person to use and enjoy his property in a particular manner that another may use his in that manner *214 to greater profit than he could if each was left free to use his own as he pleased. In this country, where the right of the citizen to acquire, hold, and enjoy property is guaranteed by the fundamental law, it would seem that the statement of the proposition is enough to refute it.
The maxim, that one must so use his property as not to injure another, is invoked by appellant’s counsel, but the argument to be drawn from thence is against them. The use made by the appellee of his property does not injure the Society or its property. It has no right to a monopoly of the business of keeping and caring for vehicles and animals during the continuance of its fairs. The act we are considering does not attempt to give them any such exclusive privilege. Persons outside of the limits fixed by the act may come into competition with the Society, but those within it may not do so without violating the act.
Another rather remarkable feature of the act, that makes the purpose of its enactment still more manifest, is the provision permitting the Society to license persons within the territory covered by the inhibition, thus empowering it to determine who may do acts forbidden to all others, and in effect delegating to a private corporation the most arbitrary control over the property of individuals. That such an act violates the constitutional right of the citizen to acquire, hold, and enjoy property does not, in our opinion, admit of the least doubt.
Judgment affirmed.