## Louisville & Nashville Railroad Company v. Dunn.

(Decided December 16, 1927.)

### Appeal from Whitley Circuit Court.

1. Municipal Corporations.—Where a city entered into a contract with landowner, which was owner of property in more than one sewer district, to reapportion the cost of sewerage improvements so as to lessen the cost in one district and increase it in others, held, in an action by the sewerage contractor against such owner to collect the assessment levied against property, that the landowner could not withhold the prospective refund on his assessment and pay an assessment of only the difference between his refund and his assessment, since the contract was only that the city would reapportion and would reimburse the landowner.

2. Municipal Corporations.—The word "buildings," as used in Acts 1924, c. 89 (Ky. Stats., Supp. 1926, secs. 3459f-1 to 3459f-6), providing for sewer assessments according to superficial area of the property owners, should read "holdings," in view of the enrolled bill.

3. Municipal Corporations.—City's failure to give the notice of a sewerage assessment, as provided by Acts 1924, c. 89, sec. 2 (Ky. Stats., Supp. 1926, sec. 3459f-2), held not to invalidate assessment against a property owner, where the only possible injury that it could have suffered was a mathematical one which could have been corrected easily by the city itself or by the courts by virtue of the statute itself.

WOODWARD, WARFIELD & HOBSON, ASHBY M. WARREN and TYE & SILER for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant, Louisville & Nashville Railroad Company, which we shall refer to as the L. & N., seeks by this appeal to reverse a judgment for $6,608.07, plus $660.80 penalty, or a total of $7,268.87, recovered against it by Alex Dunn. Of this sum, $6,608.07 was assessed against the property of the L. & N. as its proportionate part of the cost of constructing sewers in the fifth sewer district

of the city of Corbin. The $660.80 represents a 10 per cent. penalty upon the above sum. It will be necessary for us to embody in this opinion some of the historical background of this litigation. Some six or seven years ago, the city of Corbin planned to construct a system of sewers and divided the city into seven sewer districts. We are not concerned with any of these districts except districts 4, 5, and 6. It was part of the plan of the city of Corbin to have all the sewers in these three districts to lead to and connect with a sewage disposal plant which it proposed to construct on Lynn Camp creek. The L. & N. owned the property whereon the city desired to place this sewage disposal plant. It also owned property across which the city desired to construct a 24-inch outfall sewer to reach this disposal plant. If the improvements in all three of these sewer districts had been constructed at one time, then the assessment against the L. & N. in sewer district 4, where the principal part of its property is located, would have been very much less than its assessment would be if only sewer district 4 was constructed and all the cost of this sewage disposal plant and this outfall sewer was charged agaist sewer district No. 4. The L. & N. saw this, and the governing authorities of the city of Corbin saw it. It was plain to any one that it would be an injustice to the property owners in sewer district 4 to impose upon them the whole cost of constructing this sewage disposal plant and this large outfall sewer, and to then thereafter permit sewer district 5 and sewer district 6 to connect with and empty the sewage from these two districts through this outfall sewer and into this sewage disposal plant without making any contribution to the cost of constructing the same.

To solve these problems, the city of Corbin and the L. & N. agreed upon a contract, which was signed by the L. & N., and which was enacted and adopted as an ordinance of the city of Corbin and is now known as ordinance No. 606, and which we shall refer to hereafter ,as the agreement. By this agreement the city of Corbin changed the boundaries of sewer district No. 4 so as to exclude therefrom that property of the L. & N. lying east of an imaginary line drawn parallel to Railroad street and 210 feet east from Railroad street. In other words, they estimated that the assessment against the L. & N. property lying east of this imaginary line would equal the value of the land and the easement which the city de-

sired to acquire, and in consideration of this change in the boundary of the fourth sewer district, the L. & N. conveyed to the city a tract of land whereon the city afterwards constructed and now has its sewage disposal plant. The L. & N. also conveyed to the city an easement or right to construct and maintain a 24-inch sewer across its property leading to and connecting with this sewage disposal plant, and in this agreement it was further provided by section 6:

> "That, in case the main outfall sewer and the sewage disposal plant are made a part of a system of sewers serving property other than the fourth sewer district, the cost of aforesaid main outfall sewer and sewage disposal plant shall be reapportioned and the railroad company reimbursed by the city to the amount of its pro rata share of that portion of the cost of said sewers and sewage disposal plant assessed against the property other than the fourth sewer district."

About three years ago, the city of Corbin by proper ordinances, etc., made provision for the construction of sewers in sewer districts 5 and 6. They have been constructed, and the cost of these sewers has been apportioned among the property holders of these districts according to the superficial area of their holdings therein. There is no dispute about the amount of the holdings of the L. & N. in district 5, and upon its holdings in that district an assessment of $6,608.07 was made and levied for the purpose of paying for the sewering of this district. The L. & N. refused to pay that assessment, whereupon the contractor Dunn instituted this action to recover that assessment and 10 per cent. penalty thereon. He was successful and from that judgment the L. & N. has appealed. It has asked for a reversal thereof for several different reasons which we shall discuss.

Its first contention is based on section 6 of the agreement it had with the city of Corbin, and which section we have copied above. It sought in the lower court, and is seeking here, to obtain a credit of $5,104.37 upon this assessment of $6,608.07. In other words, it contends that, if it is to be assessed at all, the difference between these two sums just stated is all that can be assessed against it; that is, that $1,503.70 is all that it can be required to pay. This contention of the L. & N. cannot be maintained because by this section 6 of the agreement there was no

provision made that a credit should be given the L. & N. upon anything that might be assessed against it for the sewering of district 5 or district 6. On the contrary, the city agreed with the L. & N. that, when sewers from other districts were connected with this outfall sewer and sewage disposal plant constructed by the fourth district, the cost should be *reapportioned and the railroad company reimbursed by the city,* so that without deciding whether this contractor was required to take notice, of the ordinances of the city or not, if he had read this agreement, he would not have seen anything in it to cause him to think that, after he had built this sewage system, the L. & N. would claim a credit on its assessment for what may be due it upon a reapportionment of the cost of this sewage disposal plant, and main outfall sewer among all three of these districts.

The trial court probably reached the conclusion that the city was no longer bound by this agreement. We say this because the second contention of the L. & N. is that the state and federal Constitutions forbid the impairment of this agreement. It is not necessary for us to decide that question. In fact, our decision would mean nothing, because that question is not here. That is a question to be decided when the L. & N. undertakes to make the city of Corbin reimburse it as provided in section 6 of this agreement.

In its third ground for reversal, it discusses the validity of this contract, cites many authorities, and devotes ten pages of its brief to a discussion of whether or not the city had, by this agreement, bargained away its taxing power, but that question also is not before us and will only be here when the L. & N. attempts to make the city reimburse it.

Its fourth ground for reversal is directed to the obligation of Dunn to take notice of this ordinance, but we have already disposed of that question.

Its fifth ground for reversal is that its property is not benefited by the assessment, and the assessment is therefore void, and nothing should be assessed against it. It made that same contention in the case of Louisville & N. R. Co. v. So. Roads Co., 217 Ky. 575, 290 S. W. 320, and what was said in that opinion relative to the improvement of a street applies here relative to the construction of these sewers, and is conclusively against the contention of the L. & N.

Its sixth ground for reversal is that the act of 1924 (chapter 89, p. 232, Acts 1924; Baldwin's Supp. Carroll's Ky. Stats., sections 3459f-1 to 3459f-6) did not authorize an assessment of the property in the sewer districts according to area, but only according to the superficial area of the property owners' buildings in said sewer district, or according to the frontage of such owners' property abutting upon such improvement. Since appellant's property does not abut the sewers, it can only be assessed, if at all, according to its buildings in that district. It is in error in this position, and that error grew out of the fact that in the official publication of this act, as well as in Baldwin's Supplement to the Statutes, the word "buildings" is improperly substituted for the word "holdings." During the pendency of this appeal that mistake was discovered by us, upon examination of the enrolled bill. The attorneys for the litigants were so advised, and it is now admitted that this word should be "holdings" and not "buildings." Therefore this ground is disposed of.

Its seventh ground for reversal is that:

"The notice provided by section 2, c. 89, Acts 1924, supra, was not given appellant, whereby it could have filed protest as contemplated by the statute. The assessment is void for that reason."

This is based on what appears to be the proved fact that the engineer's estimate of the apportionment of the cost of the construction of this sewer was not published in a newspaper of said city at least three days before the same was submitted to council for approval. There might be merit in this contention if the L. & N. were manifesting here some lack of jurisdiction on the part of the city council. From the record before us it appears any wrong done the L. & N. by the council in approving the engineer's estimate of and apportionment of the cost was merely a matter of mathematical calculation, which either the court or the council could have corrected on proper application, and which correction is permitted to be made by this which is found near the end of section 3459f-2, Baldwin's Supp. Ky. Stats.:

"And the council or the court aforesaid shall at all times have power and discretion and it shall be their duty to make any orders or changes or corrections and take steps that may be necessary to perfect

and preserve said lien and such lien shall not be defeated by reason of any error, omission, oversight or failure, jurisdictional or otherwise, on the part of the city, its council, agents or employees or any other person performing any function in connection therewith, if the improvement has been constructed and accepted substantially as provided either by the ordinance or contract.''

By this provision, ample opportunity was given the L. & N. to present its exceptions to the city council, even after the council had approved this apportionment made by the engineer, and, if not presented to the council, it could have presented the matter to the court, and the court could have corrected it.

Its eighth ground is:

"The city of Corbin is attempting to repudiate its contract with appellant and yet retain, at the trifling expense it would arbitrarily fix, the valuable property of appellant which it obtained by, and as a consideration for, the contract, which property the city is retaining and using. This the city cannot do. Appellant is entitled to its day in court as to the compensation to which it is entitled for its property so taken, if the contract is invalid.''

That question is not here, and the same is true of its ninth ground. It follows that the judgment must therefore be and it is affirmed.

The whole court sitting.