### Davis, et al. v. Little, et al.

(Decided March 12, 1915.)

Appeal from Hickman Circuit Court.

Judgment—Finding of Chancellor.—In an equitable action involving the title to a cemetery lot the evidence upholds the judgment of the Chancellor below, and it will not be disturbed.

E. T. BULLOCK for appellants.

BENNETT, ROBBINS & THOMAS for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This appeal involves the title to a small lot in the cemetery at Clinton, Kentucky.

Prior to 1881 the cemetery property was owned by W. R. Bradley, who died in that year, but previous to his death he had caused to be made a plat or map of the cemetery. Between the date of his death and the death of his widow and executrix, A. E. Bradley, which occurred in 1892, the latter issued to Mrs. Kittie Davis a certificate of ownership to lots Nos. 17 and 18 in block 4 of the cemetery, but this certificate is not dated.

In 1888 the executrix sold the whole property, except that previously sold, to the town of Clinton, and thereafter, in 1900, the town, through its mayor, issued to Wade S. Little a certificate of ownership to lot 14 in block 4. As we understand, it is the contention of appellants, who are the heirs-at-law of Kittie Davis, that lots 14 and 15, as shown on the present map of the Clinton Cemetery, are the same as lots 17 and 18 as they appeared on the older map which W. R. Bradley had made, and that, therefore, their title to lot 14 is older and superior to that of the appellees, who are the heirs-at-law of Wade S. Little.

It appears from the evidence that the Davis family for a long period of years exercised the right to and has buried its dead on lot 15, block 4, which is immediately east of lot 14, the one now in controversy; but they never until 1911 buried any member of their family on lot 14, at which time, without the knowledge of the Little family, they interred the remains of a daughter-in-law, Mrs. Clara Smith, on the said lot 14; and shortly thereafter this action was instituted by the heirs-at-law of Wade S. Little to require them to remove the body of Mrs. Smith and to quiet their title to same.

The Little family since the acquisition of lot 14 by Wade S. Little had buried three of the members of the family on that lot.

The chancellor below granted the relief sought by the Little heirs, and the Davis heirs have appealed.

The whole case seems to depend upon the question of fact whether the lots 14 and 15, as shown on the present plat of the cemetery, are the same as lots 17 and 18 as they appear on the previous plat. There is some evidence from which it might be reasonably said that the present plat is different from the original plat, but the man who was mayor of the town at the time the property was acquired from the Bradley estate testified that the Bradley plat was turned over to the city at the time of the transaction, and that he had made a copy thereof, and that, although the original Bradley plat had been destroyed by fire, the plat in evidence herein had been taken from the copy of the original Bradley map which he had made. He stated that the location of the blocks and their numbers and of the lots and their numbers were identical with those on the old Bradley map.

It is not improbable that in the first instance the Davis people mistook lots numbered 14 and 15 for lots numbered 17 and 18 and began the burying of their dead at the wrong place.

At any rate, this was the view of the chancellor below, and we see no reason to disturb his finding of fact. Judgment affirmed.