## Potter v. Baynes.

(Decided January 13, 1920.)

### Appeal from McCracken Circuit Court.

1. Deeds—Construction—Parol Evidence—Consideration.—Although it is declared by Kentucky Statutes, section 2357: "Every deed shall, unless an exception be made therein, be construed to include all buildings, privileges and appurtenances of every kind

attached to the lands therein conveyed," it is a well recognized doctrine in this. as in practically all other, jurisdictions that parol evidence, without an allegation of fraud or mistake in the deed, is admissible to prove that the true consideration for the land thereby conveyed was not the consideration therein expressed.

2. Appeal and Error—Admissibility of Parol Evidence to Show Consideration for Deed.—Under the rule above stated it was not error for the trial court to permit in this case the grantor in a deed, notwithstanding the absence therefrom of a reservation of the crops on the land, to introduce parol evidence in support of the allegations of his petition that by the terms of the contract whereby the grantee purchased the land conveyed and as a part of the consideration for the sale, the grantor was to retain and have the crops on the land at the time of the sale produced thereon that year; and as the evidence, as a whole, conduced to sustain this contention of the grantor, the verdict of the jury awarding him the crops will not, on appeal of the grantee from the judgment entered thereon, be disturbed.

CLAY and REED for appellant.

L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The matter in controversy in this action is one-third of a crop of corn, amounting to between 250 and 300 barrels, produced by a tenant in 1917 upon a 110-acre farm in McCracken county, then owned by the appellee, J. P. Baynes, but which on October 28, 1917, he sold and by proper deed conveyed to the appellant, R. L. Potter, at the price of $4,500.00, cash in hand paid. The latter about October 1, by a writing obtained through appellee's agents, Phillips and Moore, of Metropolis, Illinois, was given a ten day option to purchase the land at $4,500.00, conditioned upon the appellee's consenting to sell it at that price, which he did, although he had previously instructed his agents, Phillips and Moore, not to sell the land for less than $5,500.00.

Upon receiving the deed appellant took possession of the land, and shortly thereafter, about November 7th, one Hall, appellee's tenant for the year 1917, who remained in possession of the land, proceeded to gather and store in a barn on the place appellee's third of the corn raised that year, in which work he was assisted by appellee and his son. While thus engaged appellant appeared and set up claim to appellee's part of the corn, insisting that as it was not reserved to appellee by the deed

conveying him (appellant) the land, the title to the corn passed to him with that of the land. Appellee and Hall completed the gathering and storing of the corn and as appellant thereafter continued to assert title to the corn and forbade its removal from the land, appellee brought against him in the court below this action to recover the corn and damages for its detention, for that purpose obtaining, following the giving of the necessary bond, an order of delivery for the possession of the corn; and as appellant failed to execute the required bond for retaining the property pending the litigation over the title, it was delivered to appellee by the sheriff of McCracken county, by whom it had been taken under the order of delivery.

The answer of appellant denied appellee's ownership of the corn in question, but did not allege title thereto in himself. There were two trials of the case. On the first trial the jury returned a verdict for appellant, but the circuit court granted appellee a new trial, which resulted in a verdict for appellee, upon which judgment was entered declaring him the owner and entitled to the possession of the corn and awarding him his costs. Appellant complains of that judgment, and as the amount in controversy, the value of the corn, is as much as $200.00, and less than $500.00, in order to obtain a review thereof he has prayed of this court an appeal therefrom.

The ground urged by his counsel for a reversal of the judgment is, that the trial court erred in refusing an instruction peremptorily directing a verdict for appellant, offered by him at the conclusion of the evidence. His alleged right to the directed verdict is, as previously stated, rested by appellant upon the claim that as the deed by which he was conveyed the land made no reservation of the corn it passed to him with the land and that in the absence of an allegation of fraud or mistake in the drafting or execution of the deed causing the omission of such reservation therefrom, the introduction of parol proof of the reservation as permitted by the trial court was inadmissible. It is true Kentucky Statutes, section 2357, declares: "Every deed shall, unless an exception be made therein, be construed to include all buildings, privileges and appurtenance of every kind attached to the lands therein conveyed." But notwithstanding the long existence of this statute, and its apparently arbitrary language, it has repeatedly been held by this court

that parol evidence, without an allegation of fraud or mistake, is admissible to prove that the true consideration paid for land conveyed by a deed differs from the consideration therein expressed, or that an instrument purporting upon its face to be a deed is, in fact, a mortgage. A case in point is that of Bourne v. Bourne, 92 Ky. 211, wherein it was held that the grantor in a deed might show by parol evidence that it was a part of the contract that he was to have the benefit of the rents and crops of the land conveyed for the current year, as that was but proof of a consideration in addition to that recited in the deed. In the opinion it is in part said: "A deed is not conclusive evidence of everything which it may contain. It is not the only evidence of the date of its execution; nor is its omission of a consideration conclusive evidence that none passed; nor is its acknowledgment of a particular consideration an objection to other proof of other and consistent consideration. And by analogy the acknowledgment in a deed that the consideration had been received is not conclusive of the fact. This is but a fact, which may be explained or contradicted. It does not necessarily and undeniably prove the fact. It creates no right. It extinguishes none. . . . In our opinion it was not error to permit the agreement in question proved by parol evidence, and in treating the value of the portion of crops payable as rents as part of the consideration for the land sold and conveyed." The following additional authorities are to the same effect: Trombo v. Curtright, 1 A. K. Mar. 432; Gully v. Grubbs, 1 J. J. Mar. 387; Gordon v. Gordon, 1 Met. 285. The authorities, *supra,* are conclusive of the competence of the evidence complained of, hence the refusal of the peremptory instruction asked by appellant was not error.

It is apparent from the evidence, furnished by the testimony of appellee's agent Phillips and the admissions of appellant, that the latter at the time he procured the option to purchase the land expressed to Phillips a wish to obtain the crop of corn thereon, for he said he would pay $4,500.00 for the land if he could get immediate possession of the land and the crops, otherwise he was unwilling to pay more than $4,000.00; but upon being in substance told by Phillips that he had better say nothing about the crops, or it was useless to do so, and that unless he would pay $4,500.00 for the land alone, appellee would hold to the price of $5,500.00 he wanted for it and would probably get that amount,

appellant agreed to take the land at $4,500.00, and at once attached his name to the writing evidencing the contract. This evidence strongly conduced to prove that appellant understood the crops on the land were reserved by appellee and not included in the sale of the land. Moreover, his subsequent conduct was inconsistent with his claim of having purchased the corn with the land, for when the deed was executed by appellee and accepted by appellant, the latter was asked by Moore, Phillips' partner, why he did not buy of appellee the corn and hay on the land and some boats of which he was also the owner, to which appellant, in substance, replied that he did not need and would not buy the crops or boats. This conversation was denied by appellant and his son who was then with him; but Phillips, Moore, appellee and a son of the latter, all of whom were present at the time, testified that the conversation between appellant and Moore occurred as stated, and that appellant unequivocally refused to buy or make an offer for the corn.

His first assertion of a claim to the corn was made to appellee more than a week after he received the deed to the land. He then went to where appellee, his son, and the tenant Hall were gathering the corn and claimed it because no reservation of the corn was expressed in the deed. Both he and his son testified that appellee then admitted his right to the corn on the ground urged and berated his agents for not inserting the reservation in the deed, but this was denied by appellee, his son and Hall, all of whom testified that appellee denied appellant's claim, asserted his own right to the corn and that he did not complain of or berate his agents at all.

While the evidence was conflicting, we think its weight sustains the verdict; at any rate we find no cause for invading the province of the jury and hence will not disturb the verdict.

By the instructions of the court the jury were, in substance, told that as there was no reservation of the corn in the deed they should find for appellant, unless they believed from the evidence that at the time appellee's agents negotiated the sale of the land to appellant it was mutually agreed between them as a part of the consideration of the sale and conveyance of the land appellee should retain and appellant should not have the crop of corn grown on the farm in the year 1917, in which event they should find for appellee. The instructions correctly

stated the law and properly put the burden of proof on appellee, and as the record furnishes no cause for disturbing the verdict, the appeal is granted and judgment affirmed.