## Birney v. Ballard County.

(Decided January 18, 1921.)

### Appeal from Ballard Circuit Court.

1. Officers—County Road Engineer—Term.—The amendment of 1918 to the act of 1914 creating the office of county road engineer did not definitely fix the time at which the term of office of county road engineer should expire as the first of January, but expressly provides that such engineer shall serve a period of two years from and after the first day of January, and until his successor is appointed and qualified.

2. Officers—Holding Over—De Jure Officer.—Salary.—Where one is holding an office for a specified term and until his successor is elected and qualified, if at the expiration of the specified term no one capable of holding the office has been elected and qualified, the incumbent may hold over, and the hold over period is as much a part of his term of office as was that before the expiration of the specified term, and during such period he is a de jure officer and as such may maintain an action for his salary.

3. Judgment—Plea in Bar.—An attempted plea in bar which does not show such identity of the issues involved in the instant case and those involved in the former action, the judgment in which is relied on in bar, and which does not allege facts showing that the matter in issue was actually and necessarily litigated in the former action, is an insufficient plea in bar.

BROWN, LOGAN & MYATT, HENRY F. TURNER and J. B. WICKLIFFE for appellant.

M. C. ANDERSON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Under an act of the legislature approved March 23, 1914, there was created in the several counties in this state the office of county road engineer. The term of such officers was to begin on the first of October, 1914, and continue for two years "and until his successor is appointed and qualified:" subsection 39, page 357, Acts 1914.

The general assembly of 1918 by an act approved March 26, 1918, amended that act, being section 4325, Kentucky Statutes, Carroll's edition 1915, so that the term of office of the county road engineer should begin the first of January following his appointment instead of the first of October and continue for two years and

until his successor was appointed and qualified, and further sought to extend the terms of the county road engineers then in office from the first of October, 1918, to the first of January, 1919, the concluding sentence in which amended act being: "The county road engineers who are now in office shall continue to serve as such until the first day of January, 1919, unless sooner removed pursuant to the provisions of section 4326 of Kentucky Statutes."

Appellant in the fall of 1916 was appointed road engineer of Ballard county, qualified as required by law, and was in office at the time of the passage of the amendment of 1918, and continued to serve under the terms of that amendment until the first of January, 1919. At that time no successor having been appointed he continued during the first six months of 1919 to hold office and perform the duties thereof, there being no other claimant, and he being the incumbent prior to the first of January, 1919, under his appointment in 1916.

Prior to his appointment in 1916 the salary had been fixed at one thousand dollars per annum, and in February, 1919, the fiscal court entered an order allowing appellant his salary of $83.33 1/3 for the month of January, 1919, and from that order the county of Ballard appealed to the circuit court, and it was there adjudged in April, 1919, as alleged in the answer that he was not entitled to recover such salary.

Again in April, 1919, the fiscal court allowed appellant his salary for the months of February and March of that year, amounting to $166.66, and the county of Ballard appealed from that order to the circuit court, and on that appeal it was adjudged by the circuit court, as shown by the answer, that appellant was the county road and bridge engineer of Ballard county, Kentucky, during the months of February and March, 1919, but that he was not entitled to pay therefor as such.

In August, 1919, appellant as plaintiff instituted this action wherein he, in substance, alleges his appointment in 1916, his qualification and his service, and that no successor had ever been appointed by the fiscal court, and that there was no other claimant to the office, and that after the first of January, 1919, he had continued to discharge the duties of the office, and asking for a judgment of five hundred dollars for his salary during the first six months of that year.

The county answered, admitting, in substance, the allegations of the petition, but setting up the amendment of 1918 and claiming thereunder that appellant's term of office had definitely expired on the first day of January, 1919. It further set up the two orders of the fiscal court of Ballard county hereinbefore referred to wherein appellant had been allowed his salary for the three months of January, February and March, and alleged that the county had appealed from each of those orders, and says as to the first appeal that it was adjudged by the circuit court "that the plaintiff, R. I. Birney, was not entitled to recover of the defendant, Ballard county, Kentucky, the sum of $83.30 for services as county road and bridge engineer of Ballard county, Kentucky, for the month of January, 1919;" and it is alleged therein that upon consideration of the second appeal by the circuit court that it was adjudged therein "that R. I. Birney, who is plaintiff in this action, was the county road and bridge engineer of Ballard county, Kentucky, during the months of February and March, 1919, and was not entitled to receive any pay therefor as such . . . for the months of February and March."

The circuit court overruled a demurrer to this answer, and the plaintiff declining to plead further, his petition was dismissed and he has appealed.

The two questions for consideration are: first, under the terms of the amendment of 1918 did appellant's term of office definitely expire on January 1, 1919, or did he have a right, there being no successor appointed and qualified, to hold over? And, second, did the judgments of the Ballard circuit court upon the two appeals from the orders of the fiscal court, or either of them, operate as a bar to appellant's right to maintain this action, either for the whole period of six months, or for any part thereof? The two questions will be considered in the order named.

(1) An examination of the original act of 1914 and of the act as amended in 1918 will disclose that the latter only made, or undertook to make, two changes in the original act. The first change was to make the term begin the first of January succeeding the appointment instead of the first of October, and the second was to undertake to extend the terms of the existing county road engineers by three months, that is, from the first of October, 1918, until the first of January, 1919. The con-

cluding sentence in the amendatory act that "The county road engineers who are now in office shall continue to serve as such until the first day of January, 1919, unless sooner removed" had for its sole purpose the extension of the existing term of office of those then serving and can in no sense, or by any reasonable interpretation, be construed as meaning to definitely fix the time at which the term of office of the existing officials should expire; to so hold would be to give no effect whatsoever to the express language of that amendatory act that the road engineer "shall serve a period of two years from and after the first day of January, and until his successor is appointed and qualified." These two provisions in that section must be interpreted so as to harmonize with each other; the one was inserted for the purpose of changing the time when the term of subsequent road engineers should begin, and the other was inserted so as to declare the legislative policy of having some one in the office to attend to the duties thereof after the time fixed at which the term ordinarily expired if his successor had not then been appointed and qualified, and the two are in no wise conflicting when so construed.

It is the rule that where one is holding an office for a specified term and until his successor is elected and qualified, and at the expiration of the specified term no one capable of holding the office has been elected or qualified, he may hold over, and the period between the expiration of the specified term and the time when his successor may be elected and qualified is as much a part of his term of office as was that part before the expiration of the specified term, and during such period he is neither an usurper nor a mere *de facto* officer, but is a *de jure* officer and as such may maintain an action for his salary. Lafferty v. Huffman, 99 Ky. 80; 22 R. C. L., sec. 257-8, p. 554; sec. 320, p. 598.

(2) In the attempted plea in bar by reliance upon the judgments of the circuit court in the two appeals from the fiscal court the two judgments of the circuit court are referred to as a part of the pleading, but are not copied in the transcript; neither is there exhibited in the pleading or copied in the transcript any of the pleadings or proceedings in the circuit court on either of those appeals. So we must rely wholly upon the allegations of the answer in this case to determine whether a good plea in bar has been presented.

The answer, in setting up the appeal from the fiscal court involving the January salary, alleges that "by judgment of Ballard circuit court duly and regularly entered it was held and adjudged that the plaintiff, R. I. Birney, was not entitled to recover of the defendant, Ballard county, Kentucky, the sum of $83.30 for services as county road and bridge engineer of Ballard county, Kentucky, for the month of January, 1919."

As to the second appeal, involving the salary for February and March, it is alleged "and a judgment was duly and regularly entered thereon in the Ballard circuit court adjudging that the then defendant, R. I. Birney, who is plaintiff in this action, was the county road and bridge engineer of Ballard county, Kentucky, during the months of February and March, 1919, and was not entitled to recive any pay therefor."

We will consider the sufficiency of this pleading as if it were alleged therein on the latter appeal that Birney was adjudgd *not* to be the road and bridge engineer of Ballard county, as it may be that in the transcript before us the word "not" after the word "was" is omitted.

It will be observed that as to neither of these judgments which are relied upon in bar is it alleged that the title to the office of road engineer was directly or necessarily involved; it is not shown what were the issues on either of these appeals as the basis of the judgments of the circuit court; there is nothing in the pleading which shows what the issues were or upon what ground the judgments, or either of them, were entered. For aught that appears on the face of the pleading the judgments denying him compensation may have been entered because he had failed to attend to his duties or for many other reasons which might not involve his right to hold the office. In other words, there is no such identity of the issues involved in this case and of the issues involved on those two appeals, so far as disclosed by the answer, as will make the judgments entered therein a bar to this action, or to the plaintiff's recovery of the salary other than that directly involved on the two appeals if any of it was so involved.

"Where the record is such that the issues in the second suit may not be the same as those decided in the former action, the judgment will not constitute an

estoppel unless by pleading or proof the party assert-
ing the estoppel establishes the fact that the issue, ques-
tion or matter in dispute was actually and necessarily
litigated and determined in the former action.'' 15 R. C.
L., sec 531, p. 1049.

We conclude, therefore, that the answer in neither
aspect of it presented a good defense to this action, and
that the demurrer thereto should have been sustained;
but upon a return of the case the court will permit either
party to amend his pleadings and present the issues.

The judgment is reversed for further proceedings
consistent herewith.