## Newton v. Newton's Administrator, et al.

(Decided May 4, 1926.)

## Appeal from Warren Circuit Court.

1.  Limitation of Actions—Limitation Does Not Bar Enforcement of Parol Agreement, in Consideration for Conveyance, to Sell and Divide Proceeds Among Grantee's Brothers and Sisters After His Father's Death.—Limitation does not bar action by defendant's brothers and sisters to enforce parol agreement, made in consideration of conveyance to him of father's farm, to hold in trust for father and after his death to sell and divide proceeds among plaintiffs.

2.  Evidence—Parol Evidence was Admissible to Show Real Consideration for Conveyance was Agreement to Hold in Trust, Notwithstanding Recital that Cash Consideration was Paid (Kentucky Statutes, Section 472).—Under Kentucky Statutes, section 472, parol evidence to show that real consideration for conveyance was an agreement by grantee to hold in trust for father, and after father's death to sell and divide proceeds with brothers and sisters, was admissible, notwithstanding recital in deed that consideration was paid in money.

3.  Trusts—Enforcement of Parol Agreement, in Consideration of Conveyance to Sell and Divide Proceeds Among Others, is Not Prevented by Statute of Frauds.—Enforcement by defendant's brothers and sisters of his parol agreement, in consideration of conveyance to him of father's farm, to hold in trust for father and afterwards sell and divide proceeds among them, is not prevented by statute of frauds.

4.  Trusts—Evidence Held to Show Parol Agreement by Son to Hold Land in Trust for Father, and After Father's Death to Sell and Divide Proceeds Among Father's Children.—Evidence held clear and convincing, though not free from contradiction, that son, in consideration of conveyance of father's land, promised to hold in trust for father and after his death to sell and divide proceeds among his brothers and sisters.

5.  Fraudulent Coveyances—Evidence Held Not to Show Conveyance to Son was Male to Cheat or Delay Father's Creditors, he Having Other Lands Sufficient to Pay His Debts.—Evidence held not to show that conveyance of land to son to enable latter to mortgage it to raise funds to purchase a farm was made to cheat or delay father's creditors, since, so far as appeared, father had other property more than sufficient to pay what he owed.

THOMAS, THOMAS & LOGAN for appellant.

RODES & HARLIN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

John W. Newton lived in Butler county and had a number of sons; the last of whom to leave the old home was George B. Newton. Previous to 1887 John W. Newton had sold to a negro man 105 acres of land. The negro failed to pay for it and John W. Newton induced him to give up the land, and at Newton's request he executed a deed therefor to B. P. Newton, who held the land in trust for his father (John W. Newton), the deed to him being only made for convenience. In 1894 George B. Newton married and after he married bought a farm. He did not have the money to make the first payment, which was required in order to get the deed. Thereupon an arrangement was made between him, his father and B. P. Newton under which B. P. Newton conveyed to him absolutely the 105 acre tract in consideration, as expressed in the deed, of $1,100.00 in hand paid. But no money was in fact paid and the conveyance was made simply to enable George B. Newton to execute a mortgage on the land and thus raise the first payment on the farm which he had bought. It was then agreed that George would hold the title to this land just as B. P. Newton had held it for his father who controlled the 105-acre tract. Some years later George sold his tract and bought a farm in Warren county and moved there. The father continued to hold the 105-acre tract, rented it out and made improvements on it. The father died in 1917, but for the next two years the administrator of the father rented out the 105 acres and divided the rent among the seven children, George taking his one-seventh without objection. It was a part of the original agreement that after the death of his father George would sell the land and convey it and divide the proceeds with his brothers and sisters. He promised from time to time to do this, but finally refused to do it. This suit was brought by them to compel the execution of the trust; the circuit court adjudged the plaintiffs the relief sought. George B. Newton appeals.

The above are the facts as testified to by the other children and confirmed by a number of circumstances. George denies that there was any trust, but the great weight of the evidence sustains the judgment of the chancellor. He had just bought the farm he was going to live on and had not $1,100.00 to put in this land. The arrangement was simply made to enable him to get a deed for the place he had bought. Limitation does not bar the action.

It was unnecessary for the plaintiffs to correct the deed made to George B. Newton. The recital that the $1,100.00 was paid in cash was only *prima facie* evidence, and parol evidence was competent to show what was the real consideration. Kentucky Statutes, sec. 472; Gordon v. Gordon, 1 Met. 285; Neuranberger v. Lehenhauer, 66 S. W. 15; Hite v. Reynolds, 163 Ky. 502.

It is well settled in this court that the statute of frauds does not prevent the enforcement of a parol agreement, such as is proved in this case. Brown v. Spradlin 136 Ky. 703; Becker v. Neurath, 149 Ky. 421; Vizard Investment Co. v. York, 167 Ky. 634; Scott v. Scott, 183 Ky. 604; Rudd v. Gates, 191 Ky. 456.

The evidence here is clear and convincing within the rule referred to in Oaks v. Oaks, 204 Ky. 298. Among other facts it is shown, not only that George B. Newton time and again after his father's death agreed to carry out the trust, but it also appears that he executed to his sister, who lived in Bowling Green, a note for $500.00, telling her it was about the amount that would be coming to her from the land, and his explanation why he gave this note is very unsatisfactory. He makes no explanation why he allowed his father's representative to collect the rents from the land and divide the money among the children.

The proof does not show that the deed to George B. Newton was made for the purpose of cheating or delaying the creditors of John W. Newton. It was simply made to help George B. Newton to get a deed for the farm he had bought. John W. Newton had other property more than sufficient to pay what he owed, so far as appears. The proof as to the consideration for the conveyance of the other tract was not so clear or convincing, and no appeal has been taken from so much of the judgment as denied appellees relief as to it.

Judgment affirmed.