## Harshbarger v. Bryan.

(Decided January 21, 1929.)

WOODS, STEWART, NICKELL & SMOOT for appellant.

DYSARD & MILLER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On August 2, 1926, T. W. Bryan and Nannie Harshbarger, who each owned a piece of property in Ashland,

traded properties. She made the deed, by his direction, to his son, W. S. Bryan, and he conveyed his property to her. Each property was incumbered with a lien. In the deed which she made to W. S. Bryan the consideration is expressed in these words:

"Witnesseth. That the party of the first part, in consideration of One ($1.00) Dollar, cash in hand paid, receipt of which is hereby acknowledged, and other good and valuable considerations all of which has been fully paid and the further consideration that the party of the second part is to assume, pay and discharge on a balance due upon a mortgage upon the property herein described and conveyed, executed to the Mortgage Security Corporation of America said balance being in the sum of $3,324.00, and which is evidenced by mortgage of record in the Clerk's office of the Boyd County Court Kentucky, and the party of the second part is to further assume the payment of $1,000.00 as evidenced by note together with interest thereon, at 6% from March 24, 1925, to secure the payment of which a lien was retained in that certain deed from John Schrope and Virginia Lee Schrope his wife, to the grantor herein which said deed is of record in Deed Book 104, page 127, Boyd County Kentucky, Record of Deeds. It is expressly agreed and understood that the party of the first part is to pay all taxes due and payable in the year 1926, and the party of the second part is to pay all taxes due thereafter."

In the deed which T. W. Bryan made to her the consideration is expressed in these words:

"In consideration of One ($1.00) Dollar, cash in hand paid, receipt of which is hereby acknowledged and other good and valuable considerations all of which has been fully paid, and the further consideration that the party of the second part is to assume, pay and discharge a balance of $4,187.50, due the Home and Savings Building Association, which is a balance due upon a mortgage executed to said Association by the grantors herein, and the further consideration of the sum of $400.00 evidence by note of even date and tenor herewith due and payable six

months after date hereof and bears interest at 6% from date until paid, with the privilege of renewing said note for an additional period of six months at the date of maturity of said note, by paying interest up to date, to secure the payment of which a lien is hereby retained upon the property herein described and conveyed. It is expressly agreed and understood that the party of the first part is to pay all taxes due and payable in the year 1926, and the party of the second part is to pay all taxes due on said property thereafter."

W. S. Bryan, learning that the lien held by the Mortgage Security Corporation was more than $3,324 refused to pay upon it, and the Security Corporation brought this action to enforce its lien. Bryan filed his petition against Mrs. Harshbarger, asking judgment against her for the excess of the lien over and above $3,324. Judgment was entered in favor of the Security Corporation, and its debt was satisfied by Mrs. Harshbarger. She filed her answer and counterclaim to the petition of W. S. Bryan, pleading in substance that by a mutual mistake the amount of the mortgage was stated in the deed to be $3,324, when in truth and in fact the grantees assumed to pay $52 per month for 107 consecutive months to the Security Corporation. The issues were made up; proof was taken; and on final hearing the circuit court entered judgment in favor of W. S. Bryan as prayed in his petition. She appeals.

It is earnestly insisted for appellee that, in order for appellant to maintain her defense to his petition, it was necessary for her to reform the deed for mistake, and that to do this clear and convincing evidence was required, and that a mistake on her part alone not induced by the other party is insufficient. Kentucky Title Co. v. Hail, 219 Ky. 256, 292 S. W. 817; but section 472, Kentucky Statutes, provides:

"The consideration of any writing, with or without seal, may be impeached or denied by pleading verified by oath."

Under this statute it has been steadily held that the real consideration of a deed may be shown by parol without an allegation of fraud or mistake, although it contradicts the written instrument. Burdit v. Burdit, 2 A.

K. Marsh. 143; Hite v. Reynolds, 163 Ky. 512, 173 S. W. 1108, Ann. Cas. 1917B, 619; Holbrook v. Letcher County, 223 Ky. 599, 4 S. W. (2d) 382. In Lincks v. Lincks, 141 Ky. 632, 133 S. W. 566, 568, the court thus stated the rule:

> "While the true consideration for a deed may always be shown, that which the deed itself expresses as the consideration should not be set aside upon slight evidence."

To same effect see Combs v. Combs, 130 Ky. 827, 114 S. W. 334.

And, where the purpose of the action is to set aside the deed, the proof to set it aside must be clear and convincing. Vernon v. Vernon, 211 Ky. 196, 277 S. W. 248. But Mrs. Harshberger did not attempt to set aside the deed. Her only attempt was to enforce the real contract between the parties. The proof shows without contradiction that about a year before she had borrowed $4,000 from the Security Trust Corporation and executed to it the mortgage referred to by which she agreed to make to it 120 monthly payments of $52 each. She had made 13 of these payments on August 2, 1926, and there were 107 remaining unpaid. The 13 payments of $51 each made $676, and, if we deduct $676 from $4,000, the balance is $3,324, which is the exact amount stated in the deed as part of the consideration. She testified positively that she told Bryan that she had made 13 payments of $52 on this loan, and that the loan was on the 10-year plan. She had a book furnished to her by the Security Corporation in which her credits were entered as she made payments. She testified that she showed this book to Bryan, and that he was familiar with such books. She is corroborated to a certain extent by the testimony of her son, and another witness testified that he heard Bryan make some statement tending to show that he understood the amount still due on the mortgage executed by the appellant. The attorney who prepared the deed did not recall the discussion between appellant and Bryan, and he did not know how the calculation was reached showing a balance of $3,324, which sum appears in the deed as the amount assumed by appellee.

As against the testimony of appellant there is the testimony of Bryan, father of appellee, who acted as agent for appellele in the transaction. His statements

are clear that appellee assumed to pay only $3,324, as expressed in the deed. To a certain extent he is corroborated by his wife. His version of the transaction is that appellee owned an equity in a certain house and lot, and he likewise owned an equity in a certain house and lot. The trade was, according to his testimony, that each would assume an equal amount against the property of the other, and appellee would pay $400 to him as a difference in the value of the equities in the property. It is clearly shown, by the evidence, that the amount of the lien against the property of Bryan in round numbers was $4,100. It is clearly shown that one note assumed by appellee against the property of appellant amounted to $1,050. The deed shows, on its face, that appellee assumed $3,324 of the mortgage debt in controversy, which brings the amount up to more than $4,300. Appellee assumed a little more indebtedness against the property of appellant than the indebtedness assumed by her against his property. Bryan testified that he called on her, demanding that she pay the difference between the the amount he had assumed and the amount she had assumed, which was in accord with their agreement. She offered some excuse for not doing so, claiming, as testified by Bryan, that there was some error in the amount claimed by the Security Corporation.

It should not be overlooked that in her pleadings appellant denied that she owed the Security Corporation any sum greater than $3,324. Taking the evidence as a whole, it appears to the court that, under the rule announced above that the evidence required to impeach the consideration expressed in the deed must be clear and convincing, the chancellor reached the correct conclusion, and that the judgment should be affirmed.

Judgment affirmed.

JUDGE WILLIS not sitting.