## Anglin et ux. v. Powell et al.

(Decided October 24, 1930.)

H. N. DEAN for appellants.

S. D. LEWIS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Reversing.

The petition in equity herein was filed in the Rock-castle circuit court by T. M. Powell, "who sues as the next friend of Thomas Powell and Catherine Powell," against appellants and defendants below, Elmer Anglin and his wife, Florence Anglin. It was alleged therein that the two infants of the supposed next friend owned a described tract of land in Rockcastle county containing about 160 acres, and that defendants were committing trespasses and waste upon it, and an injunction to prevent them from doing so was asked. A temporary restraining order was issued by the clerk and duly served on defendants. Later they filed an answer and counter-claim in which they denied the title of either the alleged next friend, or the two infants for whom he was proposing to act in filing the action, to any portion of the land, but that on the contrary defendants were the equitable owners of it and were entitled to its possession, which they then had and had so maintained since its purchase by them, and that none of the plaintiffs was either in its possession or entitled thereto.

A second paragraph, in a vague and somewhat conglomerate way (but not so as to render the pleading bad on demurrer), alleged that defendants were the owners of the land and mortgaged it to the People's Bank of Mt. Vernon, Ky., to secure an indebtedness they owed, amounting with interest to the sum of $1,875, and that the bank had recovered judgment for that amount and secured an order for the enforcement of its lien against the land and an order of sale therefor; that it was of the value of $10,000, but that it was purchased by the bank at the master commissioner's sale for the amount of its judgment, $1,875; that defendants were without means to redeem it, or to satisfy the judgment, and under an arrangement between the bank, the defendants, and T. M. Powell and his wife, Myrtle Powell (who was a sister of defendant Florence Anglin), it was agreed that the bank should transfer its bid to T. M. Powell and wife

jointly, and they would take care of its judgment and hold the title, conveyed by the master commissioner's deed to them, in trust or as a mortgage (it being stated both ways) until they could be repaid by defendants through installments that were agreed upon, and which were set out in the pleading; that the first installment had been paid pursuant to the trust or mortgage agreement, and defendants prayed that the petition be dismissed and in their counterclaim they asked for a judgment enforcing the trust or mortgage agreement as per the terms thereof.

A demurrer was filed to that answer, which the court sustained, and which, of course, was an adjudication, not only that the matters set up in the counterclaim were insufficient to entitle defendants to any relief, but it was also an adjudication that the specific denial of ownership in plaintiffs of the land or any part of it was likewise insufficient to constitute a defense. Defendants amended their answer and stated in more detail and with more elaboration the defense set up by them in their counterclaim in the original answer, and to which the court sustained a demurrer and defendants declined to plead further. In the meantime plaintiffs gave notice that on a designated day they would move the court while in session at Mt. Vernon for a "permanent" injunction in accordance with the prayer of the petiton. Defendants filed an affidavit and moved for a continuance of the hearing of that motion, but what became of it we are not informed, and the record is entirely silent upon it. At any rate, the court finally rendered the judgment appealed from, which is in these words: "This day this cause came on for hearing and the defendants having in open court filed an amended answer and counterclaim, the plaintiffs filed demurrer, and the court on his own motion sustained the demurrer to the defendants' original answer and counterclaim and amended answer and counterclaim, to which the defendants at the time excepted. The cause then being submitted to the court upon the pleadings and proof to the injunction herein and the court being advised after hearing all the proof offered by both the plaintiffs and defendants, orders and adjudges that the injunction herein be and is made permanent, and the defendants, Elmer Anglin and Florence Anglin, are each perpetually enjoined and restrained from entering on the lands as described in plaintiffs'

petition and from cultivating same, removing fencing, cutting timber or committing any waste on said lands. It is further ordered that the defendants' answer and counterclaim and amended answer and counterclaim be dismissed.''

It was manifested in the adjudged insufficient pleadings of defendants that, after entering into the agreements therein incorporated, Myrtle Powell died leaving the two infants, for whom their father, T. M. Powell, attempted to file this action as their next friend, as her only heirs, and it is from that fact that their interest in the land, if any, arose. It is doubtful if the petition as drawn would be sufficient to make them parties thereto so as to bind them by any judgment that might be rendered in the case, since they do not purport to be plaintiffs in the cause, either in the caption or the body of the petition; the only ones so named in either part of that pleading are ''T. M. Powell, who sues as the next friend of Thomas Powell and Catherine Powell,'' and W. W. Anglin. It then proceeds to state the facts upon which reliance is made to sustain the action, but nowhere in the pleading does it state that the infants sue as plaintiffs by him as their next friend. But we will pass that question, and for the purposes of the case will treat the petition as sufficient and determine the merits of the questions as presented by the record.

Before doing so, however, we will dispose of a most strenuous contention made by attorney for appellees, and which is: That the judgment recited that proof was heard ''to the injunction herein'' and that it was not brought to this court, and that it will be presumed that it was sufficient to sustain the judgment. One answer to that contention is that there was no necessity for proof after defendants' pleading had been demurred out of the case and which left the averments of the petition undenied and in which state of case they stood confessed; and no amount of it could strengthen such undenied, and therefore confessed, allegations. Moreover, with the pleadings out of the case there was nothing left in it that would authorize the hearing of any proof upon the defenses attempted to be pleaded, and surely, the court did not require testimony on the issue raised by the demurrers although appellees' brief states that the evidence heard by the court was upon that issue. We therefore conclude that under such condition of the

record it was not incumbent upon defendants to bring to this court the supposed evidence, whatever it may have been, that the trial court heard. The only issue before the court at the time the judgment was rendered related exclusively to the sufficiency of the pleadings, and the hour had not then arrived for the investigation of issues of fact that the pleadings would raise had they been permitted to remain in the case. We therefore dismiss this contention as being without merit, and which brings us to the real questions in the case.

It is a well-known doctrine of equity that a trustee of an express trust will be required by the beneficiaries thereunder to perform its terms as agreed upon, or as stipulated in the instrument or contract creating it. If therefore T. M. Powell and his wife obtained the title to the land under such circumstances as in law would create a trust in favor of defendants, then they would be entitled to have the trust carried out in accordance with its terms, and if the trustee refused to do so they would have the right to apply to a court of equity for an enforced performance of its terms in their favor. So that it becomes necessary to determine whether the facts, though inartificially alleged, were sufficient to create such a trust.

It has long been the settled doctrine in many jurisdictions, including this one, that a trust in land may be created by parol and that such parol agreement does not come within division 6 of section 470 of our Statutes, commonly known as the Statute of Frauds. One of the latest cases so holding, and in which a number of others are cited, is Newton v. Newton's Adm'r, 214 Ky. 278, 283 S. W. 83, 84, in which it is stated: "It is well settled in this court that the statute of frauds does not prevent the enforcement of a parol agreement, such as is proved in this case. Brown v. Spradlin, 136 Ky. 703, 125 S. W. 150; Becker v. Neurath, 149 Ky. 421, 149 S. W. 857; Vizard Investment Co. v. York, 167 Ky. 634, 181 S. W. 370; Scott v. Scott, 183 Ky. 604, 210 S. W. 175; Rudd v. Gates, 191 Ky. 456, 230 S. W. 906." See also Osgood's Executrix v. Gleason, 229 Ky. 116, 16 S. W. (2d) 782. Such a trust may also be proven by parol against a successful bidder at a judicial sale, as was held by this court in Cantrill v. Talbott, 3 Ky. Ops. 413, and Hagarty v. Scott, 4 Ky. Ops. 670, in which this court said, in substance, that it was competent to prove that the preferred bidder at a judicial sale purchased for some one else

and thereby made himself a trustee for the one for whom the purchase was made under the verbal agreement. It is also equally well settled in this and other jurisdictions that a deed absolute on its face may be shown to have been executed for the purpose of securing a debt and to only have the effect of a mortgage, and which rule is also stated in the Newton case supra, and fortified by the prior ones of Gordon v. Gordon, 1 Metc. 285; Neurenberger v. Lehenbauer, 66 S. W. 15, 23 Ky. Law Rep. 1753; Hite v. Reynolds, 163 Ky. 503, 173 S. W. 1108, Ann. Cas. 1917B, 619.

The pleadings in this case to which a demurrer was sustained not only alleged the agreement by T. M. Powell and wife to hold the title for defendants under the commissioner's deed and which was to be executed to them as assignees of the bank's bid, but it further alleged that a part of the terms of the agreement had been performed by defendants and that the reason why a transfer of the land from Powell and wife to them had not been made was because Mrs. Powell died before it could be done. The petition joins W. W. Anglin as a plaintiff, but it does not appear anywhere in the record the interest if any he has in the land. It is stated, however, in briefs that he had made a contract to purchase the land, or some portion of it, with T. M. Powell and wife before the latter's death, but which had not been carried into execution before then. If, however, that contract had been entered into, we are unable to express an opinion upon his rights thereunder, since nothing relating thereto appears in the record, and even the statement in briefs concerning it is so meager as to not enable us to express any opinion upon it.

Wherefore, the judgment is reversed, with directions to set it aside and to overrule the demmurers filed to defendants' answer, and amended answer, and for proceedings consistent with this opinion.