## McQueen v. Estridge.

(Decided Nov. 28, 1933.)

D. M. ALLEN for appellant.

A. D. HALL for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

In March, 1922, the appellant, Thomas McQueen, executed a deed to the appellee, Marion Estridge, for the recited consideration of $1,600, of which $1,000 was

cash and $600 payable twelve months thereafter. No note was made for the balance. The deed was put away by Estridge without being recorded. At maturity he paid McQueen $500 and $30 interest. In 1930, Estridge filed this suit against McQueen, alleging that the consideration for the land was $1,500 and not $1,600, which had been recited in the deed through fraud or mistake. He asked that the deed be reformed accordingly; that it be adjudged that the lien had been discharged, and that his title be quieted. The pleadings raised the issue as to the correct consideration and also whether Estridge was barred by the statute of limitations. The trial court granted the prayer of the petition, and the defendant appeals.

Both of the parties are over eighty years of age and had been friends and neighbors for nearly forty years. The evidence of the plaintiff is, in substance, that, after negotiations, the sum of $1,500 was agreed upon as the price of the property. The deed was drawn by a deputy county clerk at the defendant's home and executed and delivered without being read to him. He is unable to read. Estridge paid the $500 and interest at the end of the year as being in full, and McQueen never claimed otherwise during the seven intervening years. Statements were made by the latter to others that the former had paid for the place in full. There is some evidence that Estridge's son, who moved on the place, agreed to pay McQueen $100 in addition to the consideration recited in the deed. When Estridge heard of a statement made by McQueen about a year or so before the suit was filed that when he died McQueen would collect $600 from his estate as being due on the place, he got out his deed and found the error in the statement of the consideration and seems to have awakened to the fact that he had nothing to show the entire consideration had been paid. After the suit was filed, in the presence of two responsible persons, McQueen made the statement that Estridge had agreed to pay him only $1,500, and that his son had agreed to pay $200 more. The plaintiff's claims are supported by several witnesses and practically all of the circumstances.

On the other side, McQueen testified that the consideration was $1,700, of which Estridge's son was to pay him $100, and that the balance of $1,600 was correctly stated in the deed. His evidence is not without

equivocation and impresses us as indicating a faulty memory of important matters. He is corroborated only by his son and daughter as to the reading of the deed to Estridge at the time it was delivered and in some other particulars.

The evidence sustains the chancellor's conclusion that the true consideration was $1,500, and that it had been fully paid.

But appellant argues that Estridge did not show that he could not have learned of the error in the deed within five years by the exercise of ordinary diligence; hence that he is barred from setting up the mistake or fraud claimed. Sections 2515, 2519, Kentucky Statutes. We do not conceive that to be necessarily involved. The essential thing was to show the true consideration, and, if found to be $1,500, to adjudge that there was no lien on the land because of the nonpayment of any part of it. It is provided in section 472 of the Statutes that the consideration of any writing may be impeached or denied by a verified pleading. In many cases it has been held proper, under this statute, following as it does the common-law rule in a measure, to prove by parol evidence what was the true consideration for a contract, although it contradicts the terms of the writing. It has also been held proper to show, without an allegation of fraud or mistake, or reforming the deed on that ac-count, that the true consideration paid for the land conveyed differs from the consideration expressed in the deed. Potter v. Baynes, 186 Ky. 489, 217 S. W. 359; Harshbarger v. Bryan, 232 Ky. 816, 24 S. W. (2d) 601; Piney Oil & Gas Company v. Allen, 235 Ky. 767, 32 S. W. (2d) 325; Apple v. McCullough, 239 Ky. 74, 38 S. W. (2d) 955.

Though the case seems to have been practiced upon the theory of reforming the deed for fraud or mistake, the judgment effectually adjudicated the rights of the plaintiff, and is therefore affirmed.