## Anglin et al. v. Anglin et al.

(Decided Feb. 26, 1935.)

(As Modified on Denial of Rehearing May 28, 1935.)

H. N. DEAN and JOEL M. JONES for appellants.

J. J. FELTON and WILLIAMS & DENNY for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In 1927, the appellants, Elmer Anglin and Florence Anglin, his wife, were the owners of a certain tract of land located in Rockcastle county, Ky., known as the "West Half" of the J. A. Anglin farm.

Appellants became indebted to the People's Bank of Mt. Vernon, Ky., and the bank foreclosed its mortgage lien against appellants' land and it was sold by the court in satisfaction of the bank's debt, and the bank became the purchaser of the land at the commissioner's sale.

Thereafter, the bank agreed with the defendants below that if they would transfer the title to the land to some other person to be held in trust for appellants, it (the bank) would accept $1,875 for its bid and allow defendants to pay it by paying $300 down and $500 a year until the total sum was paid. Pursuant to these arrangements, the defendants (appellants in this action) procured T. M. Powell and his wife, Myrtle Powell, to accept the trust, and the bank transferred its bid to the Powells, and the court's commissioner made the deed to them and they mortgaged the land, together with a farm they owned in Madison county, and procured a sufficient sum of money to pay the bank's debt. Before the defendants and the Powells executed any writings evidencing their arrangement, Myrtle Powell died leaving certain minor children. Thereafter, T. M. Powell, in his own name and right and as next friend of his infant children, brought suit setting up claim of title to the land under the commissioner's deed (which appellants term a trust deed), and asked that defendants be enjoined from trespassing on the land.

Defendants filed their answer denying that the Powells owned the land and, by way of counterclaim, asserted that they were the holders of the equitable title, and that the deed made to the Powells by the court's commissioner was a trust deed or mortgage, and that it was understood and agreed that the Powells were to hold the land in trust for appellants according to the agreement between them and the bank as stated above.

The proof was taken and the cause submitted, and the court sustained a demurrer to appellants' counterclaim and dismissed same. An appeal was taken to this court, and we held that the court erred in sustaining the demurrer to the counterclaim. The evidence was also brought up with that record, but, inasmuch as the demurrer had been sustained to the pleadings, the evidence was not considered and no opinion was expressed with respect to it.

The opinion in the former case may be found in 235 Ky. 705, 32 S. W. (2d) 54, wherein the history and facts of the case are fully set out, and a reference to that opinion obviates the necessity of repeating them in this opinion, further than indicated above.

Upon return of the case to the circuit court, in April, 1931, Powell dismissed his action. But defendants having failed to pay the bank's indebtedness according to the arrangement made between them, the bank, and Powell, the bank instituted another foreclosure proceeding on the mortgage given it by Powell on the Anglin land and Powell's farm in Madison county. The infant heirs of Myrtle Powell were made parties to that suit. Thus Powell was confronted with the situation of losing his Madison county farm. Whereupon, pursuant to an arrangement with appellee, Powell deeded the Anglin land in Rockcastle county to appellee and appellee agreed to and did bid in the land at the commissioner's sale and paid the bank its debt and received deed to the entire tract of land. Soon thereafter appellee obtained a writ of possession against the appellants and they were dispossessed of the land, and appellee was put in possession of it.

Appellants continued to assert claim of title to the land under the arrangement with the bank and Powell, claiming that the trust relation agreed to between him and the Powells and the bank still existed.

On March 4, 1933, appellee W. W. Anglin brought suit against appellants to quiet his title, and asked to be adjudged the owner of the land under his deed from T. M. Powell and the commissioner's deed to the interest of the infant children who heired their mother's interest. Appellants filed their answer and counterclaim, setting up claim of title to the land pursuant to the alleged deed of trust stated above. They alleged that appellee knew of the trust relation and all the circumstances and agreements between appellants, the Powells, and the bank, and charged that appellee falsely represented to Powell that appellants were unable to pay the bank's debt, thereby inducing Powell to execute to him the deed to the land. The evidence was taken on this last suit, and upon motion of appellants it was consolidated with the former action and the two records were considered together on the trial of this action. The chancellor below adjudged appellee the relief sought. To reverse that judgment this appeal is prosecuted.

The opinion of this court in the former action determines the sufficiency of appellants' counterclaim, hence we need only consider the sufficiency of the evidence. The deed from the bank to Powell makes no reference to a trust. It is the usual form of court commissioner deeds and purports to convey the fee-simple title. Appellee W. W. Anglin testified that he had no knowledge or information of any "Trust" agreement between appellants and Powell, and that he purchased the property in good faith. However, his testimony is contradicted by Powell, who testified that appellee knew about the arrangement and knew that he was holding the land in trust for appellants. In such conflict of evidence, the chancellor was the judge of the credibility of witnesses and the evidence. We are unable to say that the preponderance of the evidence is on either side, and therefore the finding of the chancellor must prevail. It is the well-settled rule that where the evidence is conflicting and doubtful so as to leave reasonable minds in doubt, a finding of fact by a chancellor will not be disturbed by this court. Coburn v. Coburn et al., 157 Ky. 849, 164 S. W. 105; Smith v. Rader, 157 Ky. 178, 162 S. W. 799; Potter v. Damron, 150 Ky. 587, 150 S. W. 647; Wathen v. Wathen, 149 Ky. 504, 149 S. W. 902.

It appears that the court sustained a demurrer to the answer and counterclaim with leave to amend, and no amendment having been filed, it is insisted that the judgment should be reversed upon the opinion of the former appeal.

But the judgment discloses that the court tried the case upon its merits without regard to the order sustaining the demurrer and as though the pleadings of the parties raised the issue sustained by the evidence. The judgment in part reads:

> "This day this cause came on for hearing and was submitted to the court for judgment and the court being advised orders and adjudges that the plaintiff, W. W. Anglin, is entitled to the relief sought and that the defendants, Elmer Anglin and Florence Anglin, have failed to make out a defense. It appears from the evidence that at the time of the institution of this suit the plaintiff was in the actual possession of the property described in the petition and that he had a deed in fee-simple to all of the land described in the petition."

In Young et al. v. Barnett, 258 Ky. 330, 80 S. W. (2d) 16, 17, it is said:

> "It is an accepted rule that where a case has been tried as though the pleadings of the parties raised the issue sustained by the evidence, we will so consider it. [Citing.] And we will not be alert to turn a case on a point or an issue not presented by the pleadings when proven, after it has been considered and determined by the trial court as though issue thereon was joined by appropriate pleadings. [Citing.] We will treat all issues as joined, sustained by the evidence of the parties, and determined by the court, as though the issues were properly joined in respect thereto. [Citing.]" Wherefore the judgment is affirmed.