## Allen v. McIntosh.
### Feb. 10, 1939.

LEEBERN ALLEN for appellant.

F. T. ALLEN for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER— Affirming.

The appellee was the plaintiff below and will be designated as the plaintiff in this opinion, while the appellant was the defendant below and will be referred to herein as the defendant. The plaintiff, Mrs. McIntosh, a widow living at Hazel Green in Wolfe County, at the time she instituted this action was about 75 years of age. The defendant, Robert Allen, was about 25 years of age, and when the deed was executed to him by Mrs. McIntosh, which she seeks to cancel by this action, he was living in Hazel Green, but soon thereafter moved to Ohio and has been residing out of the state most of the time since he obtained the deed to Mrs. McIntosh's home.

On Nov. 6, 1934, Mrs. McIntosh executed a deed to Allen, conveying to him in fee her little home and the deed recited a consideration of "one dollar and other valuable consideration this day paid her in hand." Mrs. McIntosh instituted this action to cancel the deed, alleging in her petition the deed did not show the true consideration, which was that Allen would marry, move into her home with his wife, care for and support plaintiff during her life, and should he survive her, he was to give her a decent burial. The defendant, Allen, filed answer and counterclaim by which he traversed the al-

legations of the petition and pleaded the deed showed the real consideration, but his pleading does not state what the other valuable consideration was outside of the one dollar mentioned in the deed. By way of counterclaim, he alleged he had expended $105 in carrying out his contract with the plaintiff and should the deed executed to him by plaintiff be canceled, he should recover judgment for the $105 expended by him. The chancellor sustained a demurrer to this counterclaim. While we do not understand his reason for so doing, his ruling is not material in this case, because the record shows Allen did not expend any sums in attempting to carry out the contract made with plaintiff in consideration of her executing him the deed. Plaintiff filed an amended petition alleging defendant had obtained the deed by fraudulently representing to her it contained all the terms and conditions of their agreement as to his supporting her during her life and burying her at her death. The defendant filed answer traversing this amended petition.

The proof in this case is quite short. Only two witnesses testified on the issue of what was the real consideration for this deed; the plaintiff testified for herself and the defendant for himself. Mrs. McIntosh testified Allen brought the deed to her home at night while she was in bed ill, and she requested him to return with it the next morning; that he then told her the deed contained their full agreement as to her support and he wanted her to execute it then as he had a deputy clerk present to take her acknowledgment. Relying upon this representation made by him, she, without reading it, signed and acknowledged the deed. But in a few days thereafter she ascertained the deed did not contain the terms of their agreement, and she asked the defendant to reconvey her home to her. This he refused to do until she paid him $16, and not having this money she did not obtain the deed from him.

Allen's testimony is Mrs. McIntosh was worried by people's stock coming to her well and getting in her yard and eating her grapevines and her flowers, and she offered to convey him her home if he would have a fence set back to prevent stock getting in her yard; that he did not know where the line was and to avoid a controversy he bought the adjoining lot from J. R. Gillispie, paying $60 for it when the lot was worth only $45 or $50. He further testified the day the deed was executed, or the next day, as consideration for the deed, he gave

Mrs. McIntosh a bushel of Irish potatoes and offered her the one dollar called for by the deed, but she refused the money, saying he had made a trip for her and had brought her the potatoes and that would square accounts between them. He denied he made any agreement to support the plaintiff. Defendant introduced three or four witnesses who testified Mrs. McIntosh's general reputation for truth and veracity was bad, but one of these witnesses was his father-in-law and the other was his brother-in-law.

Upon this record the chancellor very properly decided the deed should be canceled. Section 472, Kentucky Statutes, provides the consideration of any writing may be impeached or denied by pleading verified by oath. Mrs. McIntosh in her original verified petition states the real consideration of her conveyance to Allen was his promise to care for, support and bury her, and he failed to carry out his agreement, thus there was a failure of consideration.

We have an unbroken line of decisions holding that the true consideration in a deed may be shown under Section 472, Kentucky Statutes, by parol evidence. A few of the more recent authorities on this proposition are Newton v. Newton's Adm'r, 214 Ky. 278, 283 S. W. 83; McNeill's Adm'x v. Riley, 256 Ky. 170, 75 S. W. (2d) 1068; McQueen v. Estridge, 251 Ky. 464, 65 S. W. (2d) 454. Allen did not attempt to show he had furnished Mrs. McIntosh with any support outside of one bushel of Irish potatoes and one dollar he tendered her. And the only money he expended was for the purchase of a lot adjoining her property, and we are not at all convinced he purchased this for her benefit rather than his own. The evidence in this record abundantly supports the finding of the chancellor that the real consideration for this deed was Allen's agreement to live with, care for, support and if he survived her, to bury Mrs. McIntosh. He has made no effort to carry out his agreement and denies in his pleading and in his proof he ever entered into such an agreement.

There having been a complete failure of consideration for the execution of the deed, and defendant having obtained title to this old lady's home without paying any consideration therefor, the chancellor correctly adjudged the deed should be canceled.

Therefore the judgment is affirmed.