## FONTANA et al. v. FONTANA.

Court of Appeals of Kentucky.

March 13, 1951.

E. H. Walton, Robert O. Lukowsky, Covington, Ky., for appellant.

Prentice Clay Wilson, Cincinnati, Ohio, for appellee.

MOREMEN, Justice.

This case arose out of an attempt of appellee, Angelina Fontana, to obtain an assured income for the remainder of her life from a house and lot which she owned in the city of Ludlow.

Appellee, who was about 72 years of age at the time, entered into an agreement with her son, Humbert Fontana, sometime prior to April 20, 1942, by the terms of which she agreed to convey to appellant property known as 108 Ash St. and he agreed to assume the unpaid balance of a mortgage on said property and to guarantee to her an income for the remainder of her life. In conformity with this oral agreement, appellee executed a deed of conveyance to her son on April 20, 1942. In this deed the

full contract between the parties was not set out, but by the terms of the deed she reserved to herself the rents and uses of said property during her lifetime.

In July, 1943, appellant persuaded appellee to join with him in obtaining a loan secured by a mortgage on said property in the sum of $1300 out of which the first mortgage was paid and the surplus proceeds of $1100 were retained by appellant for his own use.

The appellant made installment payments on the new mortgage until November 1945, when appellee and appellant, at the insistence of appellant, mutually rescinded the contract between them by jointly selling the property to a third party for the sum of $3500, and appellant failed to contribute anything after that date towards her support. After satisfying the mortgage which then existed and after the payment of expenses necessarily incident to the sale, there remained as net proceeds $2462.19. Appellant immediately obtained $462.19 of this amount for the purpose of paying personal debts and, after this suit was filed, the remaining $2000 was paid into court.

After the sale of the property appellee filed suit in the Kenton Circuit Court in which she sought to recover the proceeds of the sale of the property due to the fact that the oral contract between them had been rescinded, and further sought a detailed accounting between herself and her son and for other relief. Appellant filed answer and counter-claim, which traversed the allegations of the petition, and in which he alleged that from July 1935 to February 1941, he had deposited with appellee the sum of $35 a week for 288 weeks out of which appellee was to pay building and loan installments, expenses incident to the operation of the home, clothing for appellant and appellee, all with the understanding that any surplus over and above said expenditures was to be held in trust by appellee for appellant. He also sought to recover for various improvements and repairs on the house, the erection of a monument at the grave of his father, the purchase of an electric refrigerator, and other household equipment, all of which, it was alleged, had

been removed by appellee when she left the residence at 108 Ash St. He prayed that he be awarded judgment in the sum of $2124.50 secured by a prior lien on the surplus proceeds of the sale of real estate. The court referred the case to the Master Commissioner who, after hearing the evidence presented, reported that the original oral contract between the parties had been rescinded by the sale of the property; that the consideration for the original transfer from the mother to her son had failed, and that appellee was entitled to the proceeds of the sale subject to any payments which appellant had made upon the mortgage. He struck a balance between them and stated that appellant owed appellee $1689.05 in addition to the $2000 which had been paid into court. Exceptions were filed to the Commissioner's report and thereafter judgment was entered confirming the report of the Master Commissioner in all respects.

The appellant contends that the trial court erred, (1) in admitting testimony the effect of which was to contradict and vary the terms of the contract of deed; (2) in his failure to adjudge that appellant was the owner in fee simple of the remainder over and above appellee's life estate reserved in the deed; and (3) in his failure to allow or disallow certain disputed claims.

This suit is in the nature of a suit for an accounting between persons whose financial, and perhaps even emotional, affairs have been intermingled over a long period of time. The trial court and the Master Commissioner were confronted with charges and counter-charges concerning the use of family monies, and over alleged loans and payments of sums of money by the parties to this action. And all of these transactions were given careful consideration by the Master Commissioner in his detailed report filed in the record.

We have before us a copy of the deed executed by appellee to her son, for use in the consideration of grounds one and two of appellant's contentions above set out and, from the pleading and proof, it may be ascertained that this instrument was a simple deed of conveyance with the

846

exception that it reserved to the grantor "the rents and uses of the property, during her lifetime." These words alone, though somewhat vague, in the absence of any proof concerning the circumstances that led up to the execution of the instrument might easily be construed to mean that the appellant was the owner in fee simple of the remainder after appellee's life estate. But we are not restricted in view of the pleadings and proof in this case to the interpretation of the words used.

KRS 371.030 reads as follows: "The consideration of any writing, with or without seal, may be impeached or denied by pleading verified by oath."

■ This court has held that the true consideration for a conveyance may be shown by extraneous evidence though it varies or contradicts the written terms of the deed. Piney Oil & Gas Co. v. Allen, 235 Ky. 767, 32 S.W.2d 325; Newton v. Newton's Adm'r, 214 Ky. 278, 283 S.W. 83.

In construing KRS 371.030, in the case of McQueen v. Estridge, 251 Ky. 464, 65 S. W.2d 454, we said: "In many cases it has been held proper, under this statute, following as it does the common-law rule in a measure, to prove by parol evidence what was the true consideration for a contract, although it contradicts the terms of the writing. It has also been held proper to show, without an allegation of fraud or mistake, or reforming the deed on that account, that the true consideration paid for the land conveyed differs from the consideration expressed in the deed. Potter v. Baynes, 186 Ky. 489, 217 S.W. 359; Harshbarger v. Bryan, 232 Ky. 816, 24 S.W. 2d 601; Piney Oil & Gas Company v. Allen, 235 Ky. 767, 32 S.W.2d 325; Apple v. McCullough, 239 Ky. 74, 38 S.W.2d 955."

In the case of Allen v. McIntosh, 276 Ky. 751, 125 S.W.2d 234, 235, Mrs. McIntosh conveyed to Allen in fee her home, and the deed recited a consideration of "one dollar and other valuable consideration this day paid her in hand." She brought suit alleging the deed did not show the true consideration, which was that Allen would support her during life and, if he should survive her, to give her a decent burial. The Chancellor permitted her to show the true consideration was the promise to support her, and, upon proof that Allen failed to carry out the agreement, cancelled the deed, because there had been a failure of consideration. We said: "There having been a complete failure of consideration for the execution of the deed, and defendant having obtained title to this old lady's home without paying any consideration therefor, the chancellor correctly adjudged the deed should be canceled."

■ In the case at bar, appellee, at any time before the sale of the property to a third party, upon failure of appellant to carry out his agreement, might have caused the deed of conveyance to be cancelled. It follows that when she and appellant mutually rescinded the agreement by sale of the property, and appellant was relieved of his liability for the support of his mother under the agreement, the consideration failed and appellee is entitled to the proceeds of the sale of the property.

■ Finally, appellant complains because the court, in the general accounting between the parties, allowed certain items and disallowed other items. We have examined testimony offered in connection with these claims and have concluded that the findings of the Master Commissioner, which were sustained by the trial court, are supported by ample competent evidence.

In the case of Goff v. Blackburn, 221 Ky. 550, 299 S.W. 164, 165 it was written: "The rule of the court is not to disturb a commissioner's report which has been confirmed by the circuit court, unless against the weight of the evidence. The case here turns simply on the credibility of the witnesses, and the commissioner's report cannot be disturbed."

The judgment is, therefore, affirmed.