**Marlin INGRAM et al., Appellants,**

**v.**

**Sam B. TURNER et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 15, 1957.

As Modified on Denial of Rehearing

May 10, 1957.

Moss Noble, Jackson, for appellants.

H. M. Shumate, Irvine, for appellees.

WADDILL, Commissioner.

Appellees conveyed approximately 3½ acres of land to appellants Marlin Ingram and Haney Ingram, their son-in-law and daughter. The deed recited as consideration, "one dollar and other valuable things."

In 1953 appellees filed suit seeking cancellation of the deed for failure of consideration. The basis of this action was that the true consideration was maintenance and support of the appellees and the appellants had failed to provide the consideration. This suit was dismissed, but the judgment does not disclose upon what grounds the dismissal was made. The circuit court could have found that no contract was proved or that the charge of nonsupport was not shown.

In 1955 another suit was brought by appellees against appellants to cancel the deed on the same grounds set out in the prior action. Upon trial of this case without a jury, the Chancellor held there was a failure of consideration and entered a judgment granting equitable relief.

Appellants assert two grounds for reversal of the judgment: (1) The plea of res judicata should have been sustained; and (2) the appellees failed to prove that the consideration was a promise to support them.

Since it does not appear from the record, the appellants, in order to rely on the doctrine of res judicata must prove that the issue involved in the second trial

was present and actually determined in the prior action. The prior judgment could have been based upon one of several issues, none of which appear in the judgment. This being the case, the former judgment does not constitute a conclusive adjudication as to any of the issues involved. Birney v. Ballard County, 190 Ky. 241, 227 S.W. 168; 30 Am.Jur. 283.

The second contention is that there was a failure to show the consideration was maintenance and support. It is true that the deed did not recite this as consideration, but true consideration in a deed may be shown by parol evidence. Allen v. McIntosh, 276 Ky. 751, 125 S.W.2d 234. There was sufficient evidence to support the finding of the Chancellor that the true consideration for the deed was appellants' agreement to support the appellees . Also, the proof warranted a finding that there was a breach of that covenant on the part of the appellants.

Judgment affirmed.